MARTIN EDWARD DEROUEN, APPELLANT, v. SHER-IFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 5858

November 26, 1969                    461 P.2d 865

*Wait & Shamberger,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General; and *William J. Raggio,* District Attorney, and *Paul Freitag,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This appeal challenges the validity of a warrantless search of Appellant Derouen's apartment that was made contemporaneously with Derouen's arrest, on the grounds that the search was in derogation of constitutional rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

Martin Edward Derouen was arrested on August 4, 1968, in an apartment in Reno that he shared with his father.[1] The arresting officers, without a search warrant, proceeded to search Derouen's apartment. They found narcotics (1) in the bedroom clothes closet and dresser drawer, (2) in the bathroom

---

[1] On appeal Derouen does not question the validity of his arrest. He was taken into custody for the unlawful sale of narcotics under the authority of a warrant earlier issued upon his indictment by the grand jury of Washoe County.

medicine cabinet, and (3) on the living room divan, where Derouen remained seated during the search.

Derouen was thereafter charged by an Information with two counts: possession of marijuana and possession of heroin. After a preliminary hearing he was bound over to the district court for trial. He then filed a habeas petition claiming that the narcotics found in his apartment were the fruit of an unlawful search and seizure and were legally inadmissible, that as a result the State had failed to establish probable cause that an offense had been committed, and that therefore he should not be held to answer.[2] The district court denied the habeas application, and Derouen has appealed, seeking reversal. We affirm the order of denial.

On June 23, 1969, the Supreme Court of the United States, in Chimel v. California (395 U.S. 752, 768), narrowed the permissible scope of a warrantless search made during an arrest to "the area from within which he might have obtained either a weapon or something that could have been used as evidence against him." The High Court announced, at 762, 763, that: "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.

"There is no comparable justification, however, for routinely searching rooms other than that in which an arrest occurs—or, for that matter, for searching through all the desk drawers or other closed or concealed areas in that room itself. Such searches, in the absence of well-recognized exceptions, may be

---

[2] Whether habeas is an appropriate remedy to challenge the admissibility of evidence is not before us on this appeal. Nor was this question before the lower court. We shall resolve the issue when properly presented. See NRS 179.085.

made only under the authority of a search warrant. The 'adherence to judicial processes' mandated by the Fourth Amendment requires no less." (Footnote omitted.)

In the instant case the rummaging, warrantless search of Derouen's apartment went far beyond the area within his immediate control (with the possible exception of the narcotics found on the divan near where Derouen was sitting) and according to the Chimel rule was "unreasonable" under the Fourth and Fourteenth Amendments. Chimel makes clear the general principle that search and seizure are to be made under the authority of a search warrant based on probable cause.[3] Moreover, the general requirement that a search warrant be obtained is not lightly to be dispensed with, and "the burden is on those seeking [an] exemption [from the requirement] to show the need for it, . . ." United States v. Jeffers, 342 U.S. 48, 51 (1951). The Court pointed that out in Terry v. Ohio, 392 U.S. 1, 20, 19 (1968), when it emphasized that "the police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure" and that "[t]he scope of [a] search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." Thus the basic criterion is that the search be reasonable.

The principal issue we must decide in this case is whether Chimel is to be applied retrospectively or prospectively from the date it was announced—June 23, 1969. Derouen was arrested and his apartment searched in August 1968—10 months prior to Chimel. At that time, under the prevailing rationale of United States v. Rabinowitz, 339 U.S. 56 (1950), and Harris v. United States, 331 U.S. 145 (1947),[4] the warrantless search of Derouen's entire apartment would have been reasonably permissible on the grounds that the apartment was under Derouen's "control." But Chimel has overruled Rabinowitz and Harris, where the Court said, at 768:

[3]The High Court noted, note 9, at 764:
"Our holding today is of course entirely consistent with the recognized principle that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants 'where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' Carroll v. United States, 267 U.S. 132, 153 . . . [1925]; see Brinegar v. United States, 338 U.S. 160 . . . [1949]."

[4]Although the Chimel opinion noted, at 735, that the Court's decisions on the permissible scope of a warrantless search "have been far from consistent," the Court recognized that Harris and Rabinowitz were generally accepted as setting out the then applicable standards.

"*Rabinowitz* and *Harris* have been the subject of critical commentary for many years, and have been relied upon less and less in our own decisions. It is time . . . to hold that on their own facts, and insofar as the principles they stand for are inconsistent with those that we have endorsed today, they are no longer to be followed." (Footnotes omitted.)

It was not determined in Chimel whether the principles therein endorsed would be retroactively applied. But we are faced with the question in this case and must resolve it, looking for guidance in the rationale of other opinions. First, we are led to believe by two per curiam opinions filed the same day as Chimel that the Court had in mind something less than retroactivity. In Von Cleef v. New Jersey, 395 U.S. 814 (1969), the petitioners attacked the lower court's conclusion that a search and seizure were constitutionally permissible as being incident to a valid arrest. The Court said, at 815: "This challenge would unquestionably be well founded if today's decision in Chimel v. California, . . . were given retrospective application. But we need not decide here whether Chimel should be applied retroactively." And in Shipley v. California, 395 U.S. 818 (1969), the Court said, at 819:

"Under our decision today in Chimel v. California, . . . the search clearly exceeded the Fourth Amendment limitations on searches incident to arrest. But even if Chimel were to have no retroactive application—a question which we reserve for a case which requires its resolution—there is no precedent of this Court that justifies the search in this case."

We also find support for our belief that Chimel should not have retroactive application, in Stovall v. Denno, 388 U.S. 293, 297 (1967), where the Court explained that in determining whether a newly announced constitutional rule of criminal procedure should be made prospective only, attention should be given to "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of retroactive application of the new standards."

All these considerations point to making the application of Chimel prospective. See also Williams v. United States, Nos. 22,871 & 22,870 (9th Cir., Oct. 17, 1969). The purpose to be served by Chimel is deterrent; law enforcement officers had previously justifiably relied upon Harris and Rabinowitz, supra, and the retroactive application of Chimel on the administration of justice would have a substantial, adverse effect. There is little to favor retroactivity. As the Court said in Linkletter v. Walker, 381 U.S. 618, 638 (1965), "[T]here is no likelihood

of unreliability or coercion present in a search-and-seizure case"; the exclusionary rule is but a "procedural weapon that has no bearing on guilt."

Under the law before Chimel, the validity of a search incident to a valid arrest depended on the reasonableness of the search in the totality of the circumstances. This case is similar to Harris, involving the search of a four-room apartment. In Harris, the Court said, "[T]he area which may reasonably be subjected to search is not to be determined by the fortuitous circumstance that the arrest took place in the living room as contrasted to some other room of the apartment." 331 U.S. at 152.

We conclude, therefore, that the Chimel ruling may be applied prospectively only, from June 23, 1969, and that under the rationale of Harris and Rabinowitz the search of Derouen's apartment in August 1968 was reasonable and constitutionally permissible. The order of the district court denying Derouen's application for habeas is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ, concur.