**Joseph RILEY, Jr., Appellant,**

**v.**

**Carl HOCKER, as Warden, Nevada State Prison, Appellee.**

**No. 26559.**

United States Court of Appeals, Ninth Circuit.

April 27, 1971.

Joseph Riley, Jr., in pro. per.

Robert List, Atty. Gen. of Nev., Carson City, for appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

Joseph Riley, Jr., appeals from a district court order denying Riley's petition for a writ of habeas corpus.

Riley was convicted by a Nevada state trial court of the crime of larceny, committed on October 28, 1968. At his trial Riley contended that evidence concerning the identification of Riley by an eyewitness to the larceny, at a confrontation shortly after the crime, and at a subse-

quent police line-up, should be excluded because he was denied constitutional rights announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). This contention was accepted by the state trial court and such evidence was excluded.

At his trial Riley also urged that in-court identification testimony by the eye-witness should also be excluded because it was tainted by the improper confrontation and police line-up procedures. The trial court held an evidentiary hearing on this matter, in the absence of the jury, and found that the in-court identification testimony was not so tainted, and this evidence went to the jury. On appeal, the same argument was made by Riley, but the Nevada Supreme Court held that the trial court's finding as to lack of taint is supported by clear and convincing evidence. Riley v. Nevada, 468 P.2d 11 (Nev.1970).

Riley raised the same question in this federal habeas proceeding. The only reason he advanced why the district judge should not accept the finding of the Nevada trial judge was that such factual determination is not fairly supported by the state trial record. See 28 U.S.C. § 2254(d) (8). The district court called for and examined the record of the state evidentiary hearing and concluded that there is ample evidentiary support for the finding of lack of taint.

■ Riley renews this same point on this appeal. The controlling legal principles are not in dispute. In the light of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, the confrontation and police line-up identification by the eyewitness were conducted in an unconstitutional manner and were properly excluded. But, under *Wade*, at 240–241, 87 S.Ct. 1926, this does not call for *per se* exclusion of the eyewitness's in-court identification of Riley. The in-court identification should not be excluded if the prosecution is able to establish by clear and convincing evidence that the in-court identification was based upon observations of the suspect other than the line-up identifi-cation. As stated above, the state trial court in effect so found.

■ In this federal habeas proceeding the district court was entitled to rely upon that state court finding, without conducting an evidentiary hearing of its own, unless the petitioner established the existence of one of the eight circumstances listed in 28 U.S.C. § 2254(d). Riley relied upon the eighth such circumstance, namely that the state court factual determination is not fairly supported by the record, in urging the district court to hold contrary to the state trial court.

■ We agree with the district court that the state record, which is before us on this appeal, fairly supports the state trial court's finding of lack of taint. Accordingly, we

Affirm.