DAVID WAYNE HATLEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12427

July 20, 1981                                    630 P.2d 1225

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

On December 31, 1978, at about 10:00 p.m., an off-duty police officer noticed two men jumping a fence with a pillowcase and a heavy object in their hands. The officer went to investigate but the two men dróve off. The officer followed the car in which the men were riding and signalled the driver to stop. The driver, however, accelerated and a high-speed chase ensued through the streets of Las Vegas. The officer eventually lost sight of the vehicle. The officer, however, did record the license plate number and description of the vehicle. After returning to the scene where he first observed the fleeing men, the officer discovered that a burglary had occurred in the neighborhood where the men were observed.

During the early hours of January 4, 1979, an officer noticed that a car which matched the description of the fleeing vehicle was in the parking lot of a local bar. After observing the vehicle for several hours and determining that the vehicle had been abandoned, the officer impounded the vehicle. At approximately 5:00 a.m. after determining the address of the owner of the vehicle, and without a warrant, five armed officers approached appellant's apartment, identified themselves and demanded entrance. Appellant, having been awakened, opened the door in the nude. After the officers allowed appellant to dress, the officers arrested appellant and advised him of his *Miranda* rights. The officers then proceeded to ask appellant his whereabouts on New Year's Eve and whether he owned the impounded car. Appellant responded that the impounded car belonged to him. Appellant also stated that he had picked up two hitchhikers on New Year's Eve and that they were pursued at high speed by another vehicle through the streets of Las Vegas. Appellant stated that he returned home after the chase.

At trial, the state offered appellant's statement at the time of the warrantless arrest. Appellant objected to the admission of the statement. The trial court overruled the objection and allowed the admission of the statement. Appellant was convicted of burglary and this appeal followed. Appellant contends that his statements were the product of an unlawful arrest, and were wrongfully admitted into evidence in violation of his federal constitutional rights.

Appellant argues that his warrantless arrest was in violation of the constitutional rule pronounced in Payton v. New York, 445 U.S. 573 (1980), and thus his statement was the fruit of an unlawful arrest and should have been excluded by the district court. *See* Wong Sun v. United States, 371 U.S. 471 (1963).

Respondent argues that at the time of appellant's arrest *Payton* was not the law in Nevada and that the arresting officers were relying upon NRS 171.124[1] and NRS 171.138[2]. Respondent further argues that *Payton* should not be applied retroactively since the purpose of the rule is to deter illegal police activity. *See* Derouen v. Sheriff, 85 Nev. 637, 461 P.2d 865 (1969).

Payton v. New York, *supra,* held that, absent exigent circumstances, the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. However, there are sound reasons why the rule should not be applied in this case. Appellant was convicted in November, 1979. The *Payton* decision was announced on April 15, 1980. Prior to the *Payton* decision the Nevada Statutes had not been constitutionally challenged. The purpose of the new rule is to deter illegal police activity; the rule does not vindicate a right which is essential to

[1]NRS 171.124 provides:

1. A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

(a) For a public offense committed or attempted in his presence.

(b) When a person arrested has committed a felony or gross misdemeanor, although not in his presence.

(c) When a felony or gross misdemeanor has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

(d) On a charge made, upon a reasonable cause, of the commission of a felony or gross misdemeanor by the party arrested.

(e) When a warrant has in fact been issued in this state for the arrest of a named or described person for a public offense, and he has reasonable cause to believe that the person arrested is the person so named or described.

(f) When the peace officer has probable cause to believe that the person to be arrested has committed a battery upon that person's spouse and the peace officer finds evidence of bodily harm to the spouse.

2. He may also, at night, without a warrant, arrest any person whom he has reasonable cause for believing to have committed a felony or gross misdemeanor, and is justified in making the arrest, though it afterward appear that a felony or gross misdemeanor has not been committed.

[2]NRS 171.138 provides:

To make an arrest, a private person, if the offense is a felony, and in all cases a peace officer, may break open a door or window of the house in which the person to be arrested is, or in which there is reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired.

the integrity of the factfinding process. Law enforcement authorities justifiably relied on the statutes. The effect on the administration of justice would be substantial if *Payton* were applied retroactively. Thus, the retroactive application of *Payton* does not appear to be warranted. *See* Stovall v. Denno, 388 U.S. 293 (1967); Derouen v. Sheriff, *supra;* In re Johnson, 475 P.2d 841 (Cal. 1970).

Appellant's other appellate contention has been considered, and is without merit.

Accordingly, appellant's conviction is affirmed.