GERALD ALLEN LUDWIG, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12628

October 13, 1981                    634 P.2d 664

*Elliott A. Sattler,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *James Tufteland* and *Randall F. Weed,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by jury of second degree kidnapping, sexual assault, and conspiracy to commit a crime. In this appeal, we are required to determine whether the warrantless arrest of appellant was constitutionally infirm, and if so, whether the trial court erred in not excluding appellant's confession. Because we determine that the arrest was proper, we conclude that the trial court did not err in admitting evidence of the confession at trial.

On June 14, 1979, Patricia was attacked and kidnapped by a man she later identified as the appellant, Gerald Allen Ludwig. An unidentified man joined her assailant and drove her to a motel in Henderson, Nevada, where she was taken into a room and sexually assaulted. After the assault, when the victim was left alone in the room, she freed herself and called the police.

On July 3, 1979, officers from the Henderson and Las Vegas

Metropolitan Police Departments arrived at Ludwig's apartment. The officers had obtained a search warrant for the premises, and although they had probable cause to arrest Ludwig, they did not obtain an arrest warrant because an unidentified Deputy District Attorney allegedly had informed the officers that there was no need for one. Upon entering the premises, the officers immediately arrested Ludwig and informed him of his rights pursuant to *Miranda*.

While executing the search warrant, officers discovered stolen United States Government property. One of the officers advised Ludwig that he believed that the property was stolen and that he would return it to Nellis Air Force Base. Ludwig responded that he wished to speak with the officer alone, and went into the bedroom with two officers. Ludwig then offered to make a deal with police; he would tell them whatever they wanted to know about his involvement in the kidnapping and assault of Patricia if the police would not report him to the Air Force to avoid a possible dishonorable discharge. Finally, a bargain was struck whereby the police would merely return the property to the Base without disclosing its source and Ludwig confessed to both the kidnapping and sexual assault.

Appellant's primary contention is that because the arrest was made without an arrest warrant, even though police were lawfully within the premises pursuant to a search warrant which is not challenged, the arrest was constitutionally infirm. Appellant relies primarily upon Payton v. New York, 445 U.S. 573 (1980).

Because the arrest in this case occurred prior to *Payton, Payton,* therefore, is inapplicable. *See* Hatley v. State, 97 Nev. 360, 630 P.2d 1225 (1981). Furthermore, even if *Payton* were applicable, the issuance of a search warrant adequately protected the privacy interests at stake. Because it was lawful for the police to enter and search the residence, and because the police had probable cause to arrest appellant, his arrest was constitutionally permissible notwithstanding the absence of an arrest warrant. *See* Michigan v. Summers, ...... U.S. ......, 49 U.S.L.W. 4776 (June 22, 1981).

Appellant also challenges admission of his confession on Fifth Amendment grounds. However, when the stolen Air Force property was discovered during the search, appellant precipitated the exchange which led to the confession. Appellant himself, by initiating the communication with police,

waived his right to remain silent. Edwards v. Arizona, 451 U.S. 477, 49 U.S.L.W. 4496 (May 18, 1981); *see also* Rhode Island v. Innis, 446 U.S. 291 (1980).

Accordingly, the judgment of the trial court is affirmed.