WILLIAM ORVAL GIBBONS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11988

October 26, 1981                                    634 P.2d 1214

*Jacquette & Kilpatrick,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *George G. Holden,* District Attorney and *Hy Forgeron,* Deputy District Attorney, Lander County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This is an appeal from a conviction of first degree murder. The sole issue presented is whether appellant Gibbons's court-appointed attorney represented his client in a manner that would satisfy the Sixth Amendment right to competent counsel.[1] Powell v. Alabama, 287 U.S. 45 (1932).

There are a number of factors in this case which could lead to the conclusion that Gibbons was not afforded effective assistance of counsel.

Counsel waived four of eight peremptory challenges, thereby allowing to remain on the jury four jurors who had expressed opinions concerning Gibbons's guilt and who had been unsuccessfully challenged for cause by counsel.

Counsel failed to move for change of venue under circumstances which appear reasonably to call for such a motion.

Counsel failed to object to the admission of Gibbons's confession although there appears from the record substantial grounds for making such objection. Counsel failed to object notwithstanding his strenuous objection to the confession's admissibility at the preliminary examination.

---

[1] Counsel representing appellant on appeal did not represent him in the court below.

Counsel called Gibbons to testify at a time when Gibbons was taking Adapin, an antidepressant medication which Gibbons testified affected him "very weirdly." Describing the effects of the drug, Gibbons said, "I can't walk straight. I have no control of straight walking or stopping. My legs seem real nil. Slight tendency to smile and laugh and kind of a little bit oddball. It's almost like in another world." During his testimony Gibbons complained that as a result of the drug, his mind kept "getting drawn off on something else all the time."

Counsel moved the court for an order authorizing the employment of a qualified criminologist, arguing that "this case turns exactly on interpretation from physical evidence." Counsel told the court, "We don't think we have a prayer in the world . . . to fully cross-examine the State's expert . . . if we don't have our own expert. . . ." The trial court authorized the employment and payment of an expert witness for the defense; counsel, after all this, failed to employ such an expert to assist in preparation for trial or to testify at trial.

Counsel had no ascertainable defense theory. At the preliminary examination he told the court that the "defendant admitted shooting his father-in-law" but that "if the shooting is accidental it is not a crime." Counsel also relied on the defense of self-defense telling the magistrate that "if the shooting was in self-defense then it is not a crime, and that is what the court is here to determine."

After offering multiple admissions of his client's homicidal shooting with accompanying, inconsistent defenses of accident and self-defense, counsel called his client to the stand at trial and heard him testify thus:

> Q. Did you in fact shoot Ernest Marvin Guest?
> A. No.

We cannot tell from anything in counsel's opening statement or closing argument whether the defense relied on accident, self-defense or Gibbons's not having shot his father-in-law at all.

It is difficult to conceive of a reason for any of the foregoing actions of counsel which would be consistent with effective advocacy. Nevertheless, we are hesitant to draw any final conclusions on the question of effectiveness of counsel on the basis of examination of the trial record alone. It is possible, we suppose, that counsel can rationalize his performance at an evidentiary hearing held for the purpose of inquiry into the matter. *See* Donovan v. State, 94 Nev. 671, 584 P.2d 708 (1978).

If there had been an evidentiary hearing in which Gibbons's trial counsel had testified, this would become something more

than a matter of conjecture. *See* Jackson v. Warden, 91 Nev. 430, 537 P.2d 473 (1975). The uncertainty presented by this case has led us to conclude that the more appropriate vehicle for presenting a claim of ineffective assistance of counsel is through post-conviction relief. This conclusion is harmonious with our policy of declining to review factual issues that have neither been raised nor determined before a district judge. *See* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 623 P.2d 981 (1981).

Based upon the record before us, judgment is affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., concur.