CARROLL EUGENE BARNES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12802

August 27, 1982                    649 P.2d 1359

*Isabel Fleisher,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

### THE FACTS

Appellant was charged with robbery with a deadly weapon and possession of a firearm by an ex-felon. A public defender was appointed to represent him, but from the time of his first appearance in court, when he told the court that he refused to talk to his public defender for various reasons, Barnes expressed extreme dissatisfaction with his attorney. During the pretrial period, Barnes filed several motions and petitions dealing with his dissatisfaction with counsel. These matters, although filed well before trial, were not ruled on until a hearing was held one week before trial in response to Barnes' proper person motion for compliance.

At that hearing, the court recognized that appellant had, in

essence, requested another attorney, and appellant pointed out "I've never had an opportunity to ask for another attorney." The court responded, "I hope you can communicate and work with [your attorney], and I hope [your attorney] can work with you, because that's how you're going to trial and you're going next Monday."

Before trial, Barnes again told the court that he had never accepted his lawyer. His motion to proceed in proper person with the assistance of counsel was denied and a trial was held over Barnes' objection "to the entire proceedings." Barnes was convicted of both charges and sentenced to thirty-six years in prison.

## THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

In this appeal, it is argued that Barnes was denied effective assistance of counsel because he was compelled to undergo trial represented by an attorney with whom he had become embroiled in an irreconcilable conflict. In so arguing, appellant relies on Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970).

The facts in *Brown* are similar to those before us in that the conflict between both appellants and their attorneys were, in each case, brought to the attention of the court well before trial.[1] Further, both appellants made pretrial motions concerning their representation which were summarily denied. The lack of communication upon which each Sixth Amendment claim was made was the result of the appellant's refusal to cooperate with his attorney.

We agree with the Ninth Circuit Court of Appeals that under such circumstances a trial judge should "take the necessary time and conduct such necessary inquiry as might . . . [ease the defendant's] dissatisfaction, distrust and concern." Brown v. Craven, *supra,* at 1170. *See* Thomas v. State, 94 Nev. 605, 584 P.2d 674 (1978) (*Brown* inapplicable because appellant was given a full opportunity to present objections). Such a hearing would also serve to facilitate our review when this issue is presented on appeal. *See* United States v. Hart, 557 F.2d 162 (8th Cir. 1977); United States v. Jones, 512 F.2d 347 (9th Cir. 1975); Gibbons v. State, 97 Nev. 520, 634 P.2d 1214 (1981).

---

[1] This case is therefore distinguished from those in which the request for the appointment of new counsel is made on the eve of trial. *See, e.g.,* United States v. Michelson, 559 F.2d 567 (9th Cir. 1977); United States v. Young, 482 F.2d 993 (5th Cir. 1973); State v. Reid, 559 P.2d 136 (Ariz. 1976); People v. Walker, 555 P.2d 306 (Cal. 1976); State v. Lopez, 605 P.2d 178 (Mont. 1979); Junior v. State, 91 Nev. 439, 537 P.2d 1204 (1975).

Using Brown v. Craven, *supra,* as the appropriate standard, the district court's error does not require reversal. In reversing Brown's conviction, the Ninth Circuit not only found that insufficient inquiry was made, the court also found that the record before it showed that had there been adequate communication between the attorney and client, the conviction, if any, would have been for a much lesser offense. The record before us justifies no such conclusion.

Barnes was identified by a witness as the perpetrator of the crime. When apprehended, minutes after the robbery, he had in his possession a pistol and small bills with a total value of $238.00. The victim testified that "two hundred and thirty some dollars" were stolen. At the time of his arrest, Barnes also had a green knit cap. The victim testified that she could not see the robber's face because it was covered by a green ski hat. The evidence adduced at trial thus indicates that while the district court erred in failing to allow Barnes a proper hearing on his grievances concerning his counsel, the error was harmless.

Appellant's other assignment of error is without merit.

We affirm the judgment of conviction.