RUDY BOLDEN, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 14056

March 11, 1983                                    659 P.2d 886

---

[2]The Chief Justice assigned SENIOR JUSTICE DAVID ZENOFF to participate in the decision of this matter, in the place and stead of THE HON. E. M. GUNDERSON, Justice, pursuant to the Nevada Constitution, art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.

*Reid & Alverson,* and *Claude E. Zobell, Jr.,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted, following a jury trial, of one count of robbery with use of a deadly weapon. On direct appeal from the judgment of conviction, he argued only that the evidence was insufficient to support the verdict. We affirmed the judgment. Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981). Appellant then filed a timely petition in the district court seeking post-conviction relief, alleging that his trial counsel was constitutionally ineffective.[1] The petition was supported by an affidavit setting forth detailed factual allegations. Appellant also

___

[1]Appellant's current counsel represented him neither at trial nor on direct appeal.

filed an application for an evidentiary hearing on his petition. The district court denied both the application and the petition on the sole ground that appellant had waived the claim of ineffective trial counsel by failing to raise the issue on direct appeal.

Appellant now argues that he did not waive the claim, and that the district court erred by denying his petition without an evidentiary hearing to determine the truth or falsity of its allegations. We agree.

Generally, a claim that could have been raised on direct appeal from a judgment of conviction, but was not, is considered waived for purposes of a subsequent proceeding for post-conviction relief. Roseneau v. State, 90 Nev. 161, 521 P.2d 369 (1974); *see* NRS 177.375(2)(b). However, in Gibbons v. State, 97 Nev. 520, 634 P.2d 1214 (1981), we held that because most claims of ineffective trial counsel involve questions of fact that can only be resolved by the district court at an evidentiary hearing, "the more appropriate vehicle for presenting a claim of ineffective assistance of counsel is through post-conviction relief." 97 Nev. at 523, 634 P.2d at 1216. In the present case, appellant's claim that his trial counsel provided him with constitutionally ineffective assistance, based as it is upon the factual allegations of the petition and accompanying affidavit, could not have been raised and determined on direct appeal due to the necessity of an evidentiary hearing to resolve questions of fact. We conclude, therefore, that the district court erred by determining that appellant had waived the claim.[2]

The state argues that even if the claim was not waived, *based on the record* appellant's counsel was not ineffective, and no hearing need be granted. However, if a petition for post-conviction relief contains allegations of facts outside the record which, if true, would entitle the petitioner to relief, an evidentiary hearing thereon is required. Grondin v. State, 97 Nev. 454, 634 P.2d 456 (1981); Doggett v. State, 91 Nev. 768, 542 P.2d 1066 (1975). We have examined the petition and supporting affidavit in the light of the entire record, including the transcript of appellant's trial, and have concluded that the allegations entitle appellant to an evidentiary hearing.

[2]We express no opinion as to whether a claim of ineffective assistance of counsel is waived by the failure to raise it on direct appeal when the claim was presented to the district court prior to the entry of a judgment of conviction, *e.g.,* by a motion for a new trial, and the defendant had the opportunity to request an evidentiary hearing at that time.

The order denying the petition is reversed and the cause remanded to the district court for an evidentiary hearing on the allegations of the petition. Since the petition raises a constitutional question of fact, the district court shall order that appellant be present at that hearing in accordance with the mandate of NRS 177.365(1).