DAVID WAYNE HATLEY, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 14490

March 30, 1984                           678 P.2d 1160

---

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order denying appellant's petition for post-conviction relief.

Appellant was originally convicted in 1979 of one count of burglary, and appealed his conviction to this court. His primary contention on that appeal was that the district court erred in denying his motion to suppress certain incriminating statements he made at the time of his arrest. Appellant contended that his arrest was made in violation of the fourth amendment and Payton v. New York, 445 U.S._573 (1980), since he was arrested in his home without a warrant and absent exigent circumstances.

Based on the evidence presented at trial, we concluded that the arresting officers did not have a warrant at the time of appellant's arrest. Hatley v. State, 97 Nev. 360, 630 P.2d 1225 (1981). We nevertheless concluded that *Payton* did not apply to appellant's case since appellant had been arrested prior to the Court's decision in *Payton,* and that appellant's arrest was valid under pre-existing Nevada law since there had been probable cause to support the arrest. *Id.*

Subsequent to our decision in *Hatley,* however, the United

States Supreme Court decided that the warrant requirement set forth in *Payton* was to be applied retroactively to all cases pending on direct appeal at the time the *Payton* decision was issued. *See* United States v. Johnson, 457 U.S. 537 (1982).[1] Since *Payton* was decided during the pendency of appellant's first appeal, he subsequently brought the present petition for post-conviction relief in the district court, contending that he should be entitled to a new trial in light of the holding in *Johnson.*

The state opposed appellant's petition. In so doing, the state attached an affidavit sworn by one of the arresting officers, Officer Mertz, in July of 1982, which stated that appellant was initially arrested on the basis of a bench warrant that had previously been issued against appellant for his failure to appear in court on a misdemeanor traffic violation. This affidavit directly contradicted the trial testimony of the other arresting officer, Officer Meadow, who had testified that none of the arresting officers had a warrant at the time of appellant's arrest.[2]

In light of this factual conflict, appellant requested that the district court hold an evidentiary hearing. Specifically, appellant wished to resolve the question of whether the arresting officers were in fact aware of the existence of the bench warrant at the time of appellant's arrest for burglary, and, if so, whether the bench warrant was impermissibly used as a pretext to arrest appellant on the burglary charge. The district court, however, refused to conduct an evidentiary hearing and summarily denied appellant's petition.

We conclude that it was error for the district court to deny the petition without first holding an evidentiary hearing. It is well settled that when "a petition for post-conviction relief contains allegations of facts outside the record which, if true, would entitle the petitioner to relief, an evidentiary hearing thereon is required." *See* Bolden v. State, 99 Nev. 181, 183, 659 P.2d 886, 887 (1983). *See also* Doggett v. State, 91 Nev. 768, 542 P.2d 1066 (1975). Clearly, appellant would be entitled to relief under *Payton* and *Johnson* if his allegation that the police officers were not aware of the bench warrant at the time

---

[1]To the extent that our opinion in Hatley v. State, *supra,* is inconsistent with the Court's opinion in *Johnson, Hatley* is hereby overruled.

[2]From our review of the available record in this case, it appears that the arresting officers were advised of the existence of the bench warrant at some point, and did in fact ultimately book appellant for arrest on the basis of the bench warrant as well as on the burglary charge. It is not clear, however, whether the burglary arrest occurred before or after the officers were made aware of the existence of the misdemeanor bench warrant.

of his arrest was true. Given that the conflict between Officer Meadow's trial testimony and Officer Mertz' affidavit with respect to this issue could not be resolved on the basis of the available record, *see* note 2, *supra,* and evidentiary hearing was clearly required. *See* Bolden v. State, *supra.*

Additionally, we note that an evidentiary hearing was necessary to determine the truth of appellant's alternate contention that even if the arresting officers were aware of the existence of the misdemeanor bench warrant at the time of appellant's arrest, they were nevertheless using it as an impermissible "pretext" to arrest appellant on the burglary charge. This contention, if true, would at least arguably entitle appellant to relief. *See* Taglavore v. United States, 291 F.2d 262, 265 (9th Cir. 1961) (where police officers use misdemeanor warrant as a pretext to arrest a defendant for a felony narcotics offense and to search the defendant for narcotics, both the arrest and the ensuing search are illegal).

Accordingly, the order denying appellant's petition for post-conviction relief is reversed and the matter is remanded to the district court for an evidentiary hearing pertaining to the above two factual questions. Additionally, we note that there is a substantial legal question concerning the propriety of permitting the state to contend, for the first time in the present post-conviction proceedings, that the arresting officers had arrested appellant for the misdemeanor traffic violations based on the bench warrant, when both at trial and on the direct appeal, the state conceded that appellant had actually been arrested for burglary and that the arrest had been made without a warrant. *See* Steagald v. United States, 451 U.S. 204 (1981) (government may not present factual assertions for first time on writ of certiorari to United States Supreme Court which contradict factual assertions made by it in courts below). Since the parties have not addressed this issue either in the district court or on appeal to this court, we decline to rule on this question at this time, and instead we leave that question to the district court on the remand.

Reversed and remanded.