Carroll Eugene BARNES, Plaintiff,

v.

Vernon HOUSEWRIGHT, Defendant.

No. CV–R–82–366–ECR.

United States District Court,
D. Nevada.

Feb. 21, 1985.

N. Patrick Flanagan, Asst. Federal Public Defender, Reno, Nev., for plaintiff.

Robert J. Miller, Clark County Dist. Atty. by James Tufteland, Deputy Dist. Atty., Las Vegas, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Carroll Eugene Barnes petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition Barnes alleges (1) ineffective assistance of counsel in that he had an irreconcilable conflict with appointed counsel

and (2) lack of proof at trial that the weapon taken from him was a "firearm" within the meaning of NRS 202.360.

Barnes was tried by jury and convicted in state court on May 22, 1980, of robbery with a deadly weapon and possession of a firearm by an ex-felon. He appealed his conviction to the Nevada Supreme Court on the above two grounds and on August 27, 1982, the conviction was affirmed on both. *Barnes v. State*, 98 Nev. 367, 649 P.2d 1359 (1982).

Barnes then raised the same two issues in a habeas motion to this Court and included an additional allegation of ineffective assistance of counsel based on extreme incompetence and gross misrepresentation. The latter was treated as a claim not exhausted in state court under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) and on December 14, 1983, this Court ordered Barnes to amend his petition to include only exhausted claims or have it dismissed. Barnes amended his petition on February 29, 1984, and it stands now before this Court on the original two grounds above. Both of these were fairly presented to the Nevada Supreme Court which decided Barnes' appeal on the merits. Thus, Barnes has exhausted his state court remedies. *Rose v. Lundy, supra. See also Hall v. Sumner*, 682 F.2d 786 (9th Cir. 1982).

■ Barnes requested an evidentiary hearing in this matter but, upon examination of the record, this Court finds that one is not warranted. The Supreme Court has identified six circumstances in which a federal habeas petitioner has a right to an evidentiary hearing. *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). They are: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not supported by the record as a whole; (3) the fact-finding procedure employed by the state was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. Barnes has failed to establish that any one of the above circumstances exists in the present case, and this Court is entitled to rely on the state court's findings. *Riley v. Hocker*, 441 F.2d 552 (9th Cir.1971). A careful review of the transcript demonstrates that an evidentiary hearing is not warranted in this case.

Barnes argues that his Sixth Amendment right to counsel was violated by ineffective assistance of counsel when he was represented at trial by a court-appointed public defender with whom Barnes had an irreconcilable conflict. The conflict resulted from Barnes refusal to talk to or to cooperate with his counsel before and during trial.*

■ The Sixth Amendment guarantees every defendant the right to counsel and requires that counsel be adequate and effective. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), *rev'g Slappy v. Morris*, 649 F.2d 718 (9th Cir. 1981) *vacated* 724 F.2d 841 (9th Cir.1984). However, the Sixth Amendment does not go so far as to guarantee that every defendant will have a "meaningful relationship" with his counsel. In the words of the Supreme Court:

> "No court could possibly guarantee that a defendant will develop ... [great] rapport with his attorney—privately retained or provided by the public ... Accordingly, we reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel." *Id.*, 103 S.Ct. at 1617.

---

* This case differs from those in which a claim of ineffective assistance of counsel is based on attorney performance. Barnes argues only that he could not communicate with his appointed counsel; a separate line of cases considers whether the trial counsel, by acts or omissions, was competent in performance. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. McWilliams*, 730 F.2d 1218 (9th Cir.1984); *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir.1978).

In fact, the Sixth Amendment does not even guarantee Barnes counsel of his choice, only that counsel appointed be adequate and effective. *Id.* 103 S.Ct. at 1615. *See also Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir.1970).

■ In *Slappy,* the petitioner was represented at trial by an able, well prepared substitute public defender when the original public defender was hospitalized with appendicitis. Slappy refused to talk to and to cooperate with the substitute counsel either before or during trial and moved for a continuance of trial until the original counselor returned. The motion was denied and Slappy was convicted. On appeal, the Supreme Court held that this denial did not violate Slappy's Sixth Amendment right to counsel because the substitute was adequately prepared and effective. The present case is very similar. Barnes also refused to talk to and to cooperate with his court-appointed attorney before or during trial. Barnes made assorted pretrial motions which the trial court treated as motions to substitute counsel, and which were denied. The record shows that in spite of the fact that there was no communication between Barnes and his counsel, counsel was prepared and ably and competently represented Barnes at trial. This Court now holds that the trial court's denial of Barnes' motions to substitute counsel did not violate his Sixth Amendment right to counsel.

The present case may also be compared with *Brown.* In both cases the defendants refused to cooperate with court-appointed public defenders, before and during trial, and both defendants refused to participate in their own defense. Both defendants made pretrial motions concerning counsel which were denied, and the conflict in both cases was caused by the defendant's refusal to communicate with counsel. Here, however, the similarity between the two cases ends. In *Brown,* the trial judge denied the defendant's motions summarily and there was ample evidence to show that, had the defendant been represented by an attorney in whom he had confidence, he would have been convicted, if at all, of a

much lesser offense. *Brown v. Craven,* 424 F.2d at 1170. For this reason, the court of appeals held that the trial court should have taken the time to conduct an inquiry into the reasons for the defendant's dissatisfaction, distrust and concern with his attorney. *Id.*

The same is not true in the present case. Barnes suffered no prejudice as a result of his lack of confidence in his attorney. There is ample evidence that Barnes was the perpetrator of the crimes charged and a review of the record reveals that his court-appointed counsel ably defended him at trial. In addition, the record reveals that the trial court and Barnes had a comprehensive discussion, out of the presence of the jury, about Barnes' motions for substitution of counsel and about his dissatisfaction with appointed counsel. Using the *Brown* standard of inquiry, that the court conduct such investigation as will reveal the defendant's reasons for his dissatisfaction with counsel, the trial court in this matter did not err in not extending the inquiry. *See also Hudson v. Rushen,* 686 F.2d 826, 831 (9th Cir.1982), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983) (balancing such factors as defendant's right to congenial counsel against society's interest in prompt administration of justice, the trial court's inquiry into defendant's dissatisfaction with counsel should be "as comprehensive as the circumstances reasonably would permit.") This Court is convinced that the trial court had ample justification for denying Barnes' motions. Any additional hearing into Barnes' reasons for his dissatisfaction with his counsel would have been duplicative and a waste of judicial resources.

■ Barnes also argues that the state failed to prove that the weapon seized from his person was a "firearm" within the meaning of NRS 202.253 (defining firearm) and 202.360 (ex-felon in possession of a firearm). The statute describes a firearm as "any weapon with a caliber of .177 inches or greater from which a projectile

may be propelled ..." Barnes assigns error to the fact that the state did not prove that the seized weapon would shoot. In other words, Barnes argues that by not proving that a projectile might be expelled from this particular weapon, the state failed to prove that the weapon was a "firearm" within the meaning of the statute. This point was ably argued by counsel for Barnes at trial and the jury was instructed in the state law. Barnes has not complained about the adequacy of these instructions and the trial jury found him guilty of possession of a "firearm" within the meaning of state law. On appeal, the same point was briefed by counsel for Barnes and the Nevada Supreme Court held that Barnes' challenge to this finding was without merit. State court findings of fact reach the federal court with a presumption of correctness. *Sumner v. Mata,* 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981). *See also Keiper v. Cupp,* 509 F.2d 238 (9th Cir.1975). In a federal habeas petition, the burden is on the petitioner to show that there is no support in the record for the state court findings. 28 U.S.C. § 2254(d)(8). *See also Sumner v. Mata, supra.* In this case, Barnes has failed to do so. A careful review of the record shows that the arresting officer testified at trial that the pistol taken from Barnes had a shell in the chamber. The officer removed this and, in addition, removed rounds from the grip of the gun. From this, a jury reasonably could infer that the pistol would shoot even without actual proof of the fact for one does not ordinarily put bullets into an inoperable gun. Therefore, there was sufficient evidence in this case for the jury to find that the pistol in question was a "firearm" within the meaning of the statute.

For the above reasons, Barnes' petition for habeas corpus on either of the grounds stated is without merit.

IT IS, THEREFORE, HEREBY ORDERED that the petition for writ of habeas corpus is DENIED.