**Carroll Eugene BARNES, Petitioner,**

v.

**Vernon G. HOUSEWRIGHT, et al., Respondents.**

**No. CV–R–85–195–ECR.**

United States District Court, D. Nevada.

Oct. 3, 1985.

Carroll Eugene Barnes, in pro. per.

No appearance for respondents.

## MEMORANDUM DECISION
## AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on Petitioner's objection to the Report and Recommendation of U.S. Magistrate Phyllis Halsey Atkins. Petitioner's pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus alleges that he was sentenced to prison for a term of thirty years without the benefit of representation by counsel at the sentencing hearing. He contends that he did not voluntarily and intelligently waive his right to counsel at the hearing. The questions he has raised are (1) whether the trial court erred in permitting Petitioner's appointed counsel to withdraw from the case without appointing a substitute counsel, (2) whether Petitioner had a right to representation by counsel at the sentencing stage of the proceedings, and (3) whether the trial court made proper inquiry as to Petitioner's decision to represent himself at the sentencing hearing.

The Magistrate granted leave for Petitioner to proceed in forma pauperis but determined "that the petition should be dismissed prior to service on respondents for the reason that it is a minor variation of an issue presented in a prior petition, decided on the merits, and which could or should have been presented in that petition." The prior petition culminated in an order of this Court, reported in *Barnes v. Housewright,* 603 F.Supp. 330 (D.Nev.1985), holding that the trial court's denial of Petitioner's motions to substitute appointed counsel due to conflict resulting from his refusal to cooperate with counsel before and during the trial did not violate the Sixth Amendment. The order found that the trial judge had conducted a legally sufficient inquiry into the reasons for Petitioner's dissatisfaction with his counsel. *Id.* at 332.

Magistrate Atkins' Report states that she has reviewed the trial transcript. It reflects that the essence of Petitioner's dissatisfaction was that he wanted to direct his own defense, with appointed counsel to act in an advisory role. The counsel refused to accept such role and did control the defense.

At the sentencing hearing, Petitioner again remonstrated against counsel's continued representation of him. The trial judge then gave him the choice of continuing to be represented by the same appointed counsel or, in the alternative, to proceed without counsel. Petitioner responded, "He does not represent me, sir, and I choose to speak for myself." The judge told him, "Okay. Go ahead." Appointed counsel then asked that his office (the Public Defender) be discharged from any fur-

ther responsibility. The trial court granted the request "[b]ecause the defendant chooses to exercise his right to proceed in proper person...." Petitioner then commented: "Seems a very inappropriate time for him to do that." The hearing continued with Petitioner representing himself.

The Magistrate felt that the instant petition comes within the intendment of Rule 9(b) of Rules Governing § 2254 Cases in the United States District Courts, which reads:

"A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

Petitioner's objection faults the Magistrate's analysis by pointing out that the question before the Court is not whether he had the right to reject assigned counsel and demand another, but whether Petitioner should have been allowed to proceed at the sentencing hearing without the assistance of counsel absent an intelligent waiver of the right to proceed with counsel. He maintains that the trial court failed to ascertain whether he was competent to represent himself. As to the failure to raise the issue in his prior petition for a writ of habeas corpus, Petitioner lays the blame with the appointed counsel who represented him in that proceedings. Petitioner notes that he is a layman whose legal education has come from bit-by-bit piecemeal learning.

■ Appointed counsel did represent Petitioner in his prior petition for a writ of habeas corpus made to this Court. The Magistrate has correctly concluded that the ground for the instant petition (absence of counsel at sentencing) could have been presented in the prior petition, which was grounded on ineffective assistance of counsel prior to and during trial. The Fifth Circuit has held that an habeas corpus petitioner is bound by the knowledge chargea-ble to his counsel in a prior petition. *Jones v. Estelle*, 722 F.2d 159, 162, 163 (5th Cir. 1983). However, this is only one factor in determining whether the later petition should be dismissed pursuant to Rule 9(b) because the failure of the petitioner to assert the new ground in the prior petition constituted an abuse of the writ. *Id.* 28 U.S.C. § 2244(b) specifies that a United States judge need not entertain a subsequent petition unless satisfied that the petitioner did not deliberately withhold, in his earlier petition, the newly asserted ground. *Johnson v. Copinger*, 420 F.2d 395, 399 (4th Cir.1969). The Government has the burden of pleading that the petitioner has so abused the writ. *United States v. Donn*, 661 F.2d 820, 823 (9th Cir.1981). If doubt arises as to whether the ground for the subsequent petition is the same or different from that of the earlier one, such doubt should be resolved in favor of the petitioner. *Polizzi v. United States*, 550 F.2d 1133, 1136 (9th Cir.1976). Further, § 2244(b) provides that a district court may not refuse to entertain the second petition unless the denial in the first proceeding was after a hearing. *Hutchinson v. Craven*, 415 F.2d 278, 280 (9th Cir.1969). The records in both the instant proceeding and the prior one affirmatively show that no hearing was held. Thus, the Government has not pleaded abuse of the writ, for it has not been served with the later petition, and it is clear that the denial of the earlier petition was not after a hearing. Procedurally, then, the Magistrate's recommendation that the instant petition be dismissed without service on the respondent must be rejected.

■ A trial judge need not permit the hybrid representation of a criminal defendant through the use of standby or advisory counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 181–85, 104 S.Ct. 944, 953–54, 79 L.Ed.2d 122 (1984); *Locks v. Sumner*, 703 F.2d 403, 407–08 (9th Cir.1983). Nevertheless, sentencing is a critical stage of a criminal proceeding, so that the Due Process Clause entitles a defendant to assistance of counsel. *Gardner v. Florida*, 430

U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977). In imposing sentence a judge moves within a large area of discretion and doubts, so that every consideration urged by counsel for the defendant may be helpful. *Carter v. Illinois,* 329 U.S. 173, 178, 67 S.Ct. 216, 220, 91 L.Ed. 172 (1946). The necessity for aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and generally presenting the defendant's case is apparent. *McConnell v. Rhay,* 393 U.S. 2, 4, 89 S.Ct. 32, 33, 21 L.Ed.2d 2 (1968).

■ Although a defendant may waive his right to counsel, a higher degree of competency is required to waive counsel than to stand trial. *Evans v. Raines,* 705 F.2d 1479, 1480 (9th Cir.1983); *Sieling v. Eyman,* 478 F.2d 211, 213 (9th Cir.1973). The decision to waive counsel must be made knowingly and intelligently. *United States v. Rylander,* 714 F.2d 996, 1005 (9th Cir.1983). "Knowingly" may be equated with intentionally. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). "Intelligently" means that the defendant was sufficiently informed of the consequences of his decision. *Evans v. Raines,* 705 F.2d 1479, 1480 (9th Cir.1983). A knowing and intelligent waiver ordinarily requires a discussion on the record between the judge and the defendant as to the dangers of self-representation. *United States v. Rylander, supra* at 1005. Here the record is ambiguous as to whether Petitioner knowingly or intentionally waived his right to the assistance of counsel at his sentencing. This ambiguity arises from his comment, "Seems a very inappropriate time for him to do that", when his counsel's motion to withdraw from the case was granted by the trial judge during the sentencing hearing.

IT IS, THEREFORE, HEREBY ORDERED that the Clerk of Court shall serve a copy of the petition for a writ of habeas corpus, filed herein April 23, 1985, together with a copy of this Memorandum Decision and Order, upon the Director of the Nevada Department of Prisons and upon the Nevada Attorney General, such service to accomplished by certified mail.

IT IS FURTHER ORDERED that said respondents shall have twenty (20) days from the date of such service within which to answer the petition in accordance with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.