Shearing, J.,
with whom Young, C. J., and Agosti, J., agree,
concurring in part and dissenting in part:
I agree with the holding that a motion in limine is sufficient to preserve an issue for appeal. I do not agree that the retroactivity standard used, for changes in constitutional and substantive law rules, is appropriate for a change in a rule regarding admissibility of evidence. I most definitely do not agree with the plurality in its interpretation of Braunstein v. State.[1]
The court adopts the retroactivity standard used by the United States Supreme Court for constitutional issues[2] and automatically reverses the conviction in this case. The automatic reversal is inappropriate. In Franklin v. State,[3] even when considering errors of constitutional magnitude on direct review, this court applied a harmless error analysis and upheld the convictions. In Franklin, this court stated:
In cases determining complete retroactivity or prospectivity of new constitutional rules, the Supreme Court has con *941 sistently considered three factors: (1) the purpose of the rule; (2) the reliance on prior, contrary law; and (3) the effect retroactive application would have on the administration of justice. See Tehan v. United States, 382 U.S. 406 (1966). We have adopted the same analysis to determine the retroactivity of new Supreme Court rulings in which retroactive effect has been left undecided. See Hatley v. State, 97 Nev. 360, 630 P.2d 1225 (1981).[4]
As Justice Rose points out, the United States Supreme Court has held that, “[wjhen questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions.’ ’[5]
The three factors, which this court has held should determine retroactivity, all favor applying the new rule only to trials taking place after the new rule is announced. The purpose of the new rule in Braunstein is simply to apply the existing rules of evidence for determining the admissibility of evidence. Prosecutors conducted trials in reliance on the rule in prior case law. The psychological burden on crime victims, and the financial burden on the system of retrying cases tried under existing case law, militates toward not applying the new rule retroactively. The cases on direct appeal should be analyzed under the case law applicable at the time of the trial. However, this court could also review the cases on appeal by analyzing the particular evidence to determine whether it would have been admissible under our rules of evidence, as this court did in Braunstein. This promotes consistency and fairness, without imposing the burdens of new trials on the judicial system.
The plurality misinterprets Braunstein. As a signatory to Braunstein, I did not and would never have agreed to a rule of evidence that states that evidence of prior bad acts offered to prove a specific emotional propensity for sexual aberration is always inadmissible. In Braunstein, I held that the admissibility of evidence of sexual aberration must be determined under the rules of evidence as stated in NRS Chapters 47 through 56, and particularly NRS Chapter 48, and not by a blanket rule of admissibility in case law. Case law following McMichael v. State[6] put sexual aberration in a special category as admissible automatically in cases of sexual crimes against children. In Braunstein, this *942 court repudiated the legal proposition that in sex crimes, propensity for sexual aberration is automatically admissible without further analysis.[7] I signed Braunstein because I believe that it is wrong for this court to create a rule making a particular type of evidence automatically admissible without regard for the rules of evidence and the facts of the individual case. It is equally wrong to create a rule making that particular type of evidence automatically inadmissible. The admissibility of all evidence must be determined under the appropriate rules of evidence in our statutes, and that is what we held in Braunstein.
The plurality also states that evidence of sexual aberration is not relevant to prove motive. I disagree. The plurality states that the motive exception applies “to establish the identity of the criminal, or to prove malice or specific intent. The motive exception may also be applicable where the charged crime was motivated by a desire to hide the prior bad act.”[8] That is a very limited and inaccurate view of motive evidence.
The motive for a crime can be, and often is, the opposite— namely, an attraction to or obsession with a victim, as in stalking. Even though motive is not an element of a crime and need not be proven, it has virtually always been an integral element of proof in a criminal trial. Often the motive is straightforward, as in robbery, where the desire or need for money is readily understood by the jury. On the other hand, in a murder case, in order for a jury to understand why a person would kill another person, it is very important to show the motive for the killing.
Similarly, in cases involving sexual crimes against young children, it is important to show a motive. The vast majority of the population cannot understand a sexual attraction to children and finds it difficult to believe that an adult would sexually molest them. Therefore, it is highly relevant and appropriate to establish that the defendant has a sexual attraction to children. Often, this is shown by evidence of prior sexual relations with children, as is done in both the instant case and in Braunstein. Sometimes it is shown by an expert witness. The rule proposed by the majority would apply a blanket bar to any evidence of propensity for sexual aberration, even expert witness testimony. That is not only wrong, but unprecedented, and not conducive to achieving fair and just outcomes in child sexual abuse cases.
The plurality miscites McCormick on Evidence for the proposition that evidence of other sex crimes is not admissible to prove a sexual aberration. On the contrary, McCormick recognizes that sexual aberration is one of the accepted exceptions to prior bad *943 act evidence and is routinely admitted under provisions similar to NRS 48.045. Actually, McCormick states:
As the rule indicates, there are numerous uses to which evidence of criminal acts may be put, and those enumerated are neither mutually exclusive nor collectively exhaustive. Subject to such caveats, examination is in order of the principal purposes for which the prosecution may introduce evidence of a defendant’s bad character. Following this listing, some general observations will be offered about the use of other crimes evidence for these purposes. The permissible purposes include the following:
(9) To show a passion or propensity for unusual and abnormal sexual relations. Initially, proof of other sex crimes was confined to offenses involving the same parties, but many jurisdictions now admit proof of other sex offenses with other persons, at least as to offenses involving sexual aberrations. Federal Rules of Evidence 413 and 414, added by Congress in 1994, allow the broadest conceivable use of “similar crimes” in sexual assault and child molestation cases, making “evidence of defendant’s commission” of other such offenses “admissible ... for its bearing on any matter to which it is relevant.”[9]
The evidence of Richmond’s prior similar sexual molestation of a child was properly admitted under our rules of evidence to show motive. I would affirm the judgment of conviction of Randy Richmond for three counts of lewdness with a child under the age of fourteen.

 118 Nev. 68, 40 P.3d 413 (2002).

 Griffith v. Kentucky, 479 U.S. 314 (1987).

 98 Nev. 266, 646 P.2d 543 (1982).

 Id. at 269 n.2, 646 P.2d at 545 n.2.

 American Trucking Assns., Inc. v. Smith, 496 U.S. 167, 177 (1990) (plurality opinion).

 94 Nev. 184, 577 P.2d 398 (1978), overruled on other grounds by Meador v. State, 101 Nev. 765, 711 P.2d 852 (1985), and overruled by Braunstein, 118 Nev. 68, 40 P.3d 413.

 118 Nev. at 73-75, 40 P.3d at 417-18.

 See plurality opinion by Justice Rose ante p. 932-33 (footnote omitted).

 1 McCormick on Evidence § 190, at 659-60, 668-69 (John W. Strong ed., 5th ed. 1999) (citations omitted).