# IN THE SUPREME COURT OF THE STATE OF NEVADA

LASHANA MONIQUE HAYWARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67616

FILED

MAY 0 9 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Lashana Monique Hayward's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Hayward contended that trial counsel was ineffective for failing to coherently argue that her trial should be severed from that of her codefendant. Hayward also contended that counsel was ineffective on appeal for failing to support her severance issue with cogent argument and legal authority. The district court concluded that Hayward failed to demonstrate that counsel was ineffective. We agree. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (explaining that we give deference to the court's factual findings but review the court's application of the law to those facts de novo). Counsel argued at trial and on appeal that a severance was warranted, and although Hayward asserted that counsel's arguments were not compelling, she failed to demonstrate that a reasonable attorney would have made different arguments or that the result of trial or appeal would have been different

---

[1]Hayward was represented by counsel in the postconviction proceeding below.

had counsel done so. *See Strickland v. Washington,* 466 U.S. 668, 687-88 (1984) (holding that a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (applying *Strickland* to trial counsel); *Kirksey v. State,* 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to appellate counsel).

Next, Hayward contended that the trial court prejudiced her by declining to consider whether counsel was effective at trial before allowing said counsel to represent her on appeal from her judgment of conviction. The district court concluded that this claim lacked merit. We agree. If counsel was ineffective, the appropriate mechanism to challenge her performance was a postconviction petition for a writ of habeas corpus, such as the petition discussed herein. *See Gibbons v. State,* 97 Nev. 520, 523, 634 P.2d 1214, 1216 (1981) ("[T]he more appropriate vehicle for presenting a claim of ineffective assistance of counsel is through post-conviction relief."). Yet, other than the issue discussed above, Hayward failed to identify any other errors counsel allegedly committed. Therefore, no relief was warranted on this claim.

Having considered Hayward's contentions and concluded they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Douglas W. Herndon, District Judge
Lashana Monique Hayward
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A