MARSHALL W. KRAUSE, ARTHUR BRUNWASSER, IN BEHALF OF ROBERT BRYAN PATE, APPELLANTS, v. JACK H. FOGLIANI, WARDEN OF THE NEVADA STATE PENITENTIARY, RESPONDENT.

No. 5117

December 21, 1966                    421 P.2d 949

*Marshall W. Krause* and *Arthur Brunwasser,* of San Francisco, for Robert Bryan Pate.

*Harvey Dickerson,* Attorney General, and *Daniel R. Walsh,* Chief Deputy Attorney General, of Carson City, for Respondent.

**O P I N I O N**

By the Court, THOMPSON, J.:

This is an appeal from an order of the district court dismissing a post-conviction habeas corpus petition filed

on behalf of Robert Bryan Pate who is serving a life sentence at the Nevada State Prison for kidnaping. The purpose of the habeas proceeding was to have an evidentiary hearing on the claim that federal constitutional protections were ignored in the kidnaping case.[1] The hearing did not occur. The merits of the asserted claims were never reached. The lower court dismissed the petition, ruling that it did not allege facts which, if true, establish a denial of federally protected rights. It is not useful to recite the factual averments of the petition. Without question, they are sufficient to place in issue the constitutional violations claimed. An alternative ground for dismissal was that counsel for Pate, who verified the petition, did not possess personal knowledge of the facts therein alleged, and should have made his charges on information and belief. Counsel offered to amend and allege on information and belief, but the court would not allow it. This was error. Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 15 L.Ed.2d 807, 86 S.Ct. 845 (1966). The court should not have summarily dismissed the habeas application. We are asked to either reverse with direction to hold an evidentiary hearing on the constitutional issues raised, or, in line with Pate v. Robinson, 383 U.S. 375, 15 L.Ed.2d 815, 86 S.Ct. 836 (1966), order a new trial on the kidnaping charge.

Pate is a recidivist. While serving a robbery sentence at the Nevada State Prison, he became mentally ill and, on August 14, 1958, the district court committed him to the Nevada State Hospital. Ten days later he escaped from the hospital. Three days after that a kidnaping occurred. Pate was charged with that crime. He was apprehended in California and returned to Nevada. On November 6, 1958, a preliminary examination was held, and Pate was bound over to the district court for trial. Thereafter he was arraigned, and counsel was appointed to represent him. A not guilty plea was entered. On the day scheduled for trial, Pate changed his plea to guilty. Counsel did not advise him to change his plea. That decision was made by Pate. The court accepted his

---

[1]Pate first sought habeas relief in the federal court. The proceeding was dismissed, since he had not exhausted his state post-conviction remedy. Pate v. Wilson, 348 F.2d 900 (9 Cir., 1965).

guilty plea, pronounced judgment, and sentenced him to life imprisonment. The main constitutional issue presented, and upon which an evidentiary hearing was not held, is whether Pate was denied due process of law under the Fourteenth Amendment to the Federal Constitution because of the failure of the district judge to order a hearing on his mental competency before accepting a plea of guilty to the kidnaping charge. We have concluded that the record before us shows a denial of due process, and that a need does not exist for an evidentiary hearing on that point.

1. The conviction of an accused while he is legally incompetent violates due process. Bishop v. United States, 350 U.S. 961, 100 L.Ed. 835, 76 S.Ct. 440 (1956). One may not be punished for a public offense while he is insane (NRS 178.400).[2] If doubt arises the court shall order the question submitted to a jury (NRS 178.405).[3] Once committed as insane, an accused shall not stand trial, nor waive trial and plead guilty, unless certified by the hospital superintendent as competent for that purpose (Sollars v. District Court, 71 Nev. 98, 281 P.2d 396 (1955), reversed on other grounds, 73 Nev. 248, 316 P.2d 917 (1957)), or is otherwise shown to possess sufficient understanding to know the nature of the charge against him and to be able to assist his counsel.

When the district judge accepted the guilty plea he stated: "The court will take judicial notice of the fact that Robert Bryan Pate was committed to the Nevada State Hospital in August 1958 as a mentally ill person. The court will also take judicial notice of the fact that he was an escapee from that hospital at the time this

[2]NRS 178.400 reads: "An act done by a person in a state of insanity cannot be punished as a public offense, nor can a person be tried, adjudged to punishment, or punished for a public offense while he is insane."

[3]NRS 178.405 provides: "When an indictment or information is called for trial, or upon conviction the defendant is brought up for judgment, if doubt shall arise as to the sanity of the defendant, the court shall order the question to be submitted to a jury that must be drawn and selected as in other cases."

offense was committed. The record will also show that the court has heretofore read the transcript of the preliminary hearing. We are satisfied from an examination of the record that the defendant, Robert Bryan Pate, was on the 27th day of August, 1958, legally sane." As a matter of fact, that judge was the same judge who had committed Pate to the mental hospital. The transcript of the preliminary hearing, to which the judge referred, is silent about Pate's mental condition. When Pate changed his plea he spoke only five words. Nothing was offered to the court to suggest that Pate had recovered from his mental illness. The court knew that he was an escapee from a mental institution. In these circumstances, we hold that the court, *sua sponte,* was required to order a competency hearing. Cf. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966). The failure of the defendant to request that hearing did not "waive" his right. "It is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." Pate v. Robinson, 383 U.S. 375, 15 L.Ed.2d 815, 821, 86 S.Ct. 836 (1966).

2. The challenged conviction and sentence occurred more than seven years ago. It is difficult to now hold a limited hearing as to Pate's mental competency at that time. Accordingly, we prefer the disposition chosen by the United States Supreme Court in Pate v. Robinson, supra. We order that Pate be discharged from confinement upon his conviction for kidnaping, unless the State, within a reasonable time elects to retry him.[4] Should the State so elect, Pate may raise the issue of his competence to stand trial and request a special hearing. If a sufficient doubt exists as to his present competence, such a hearing must be held. If found competent to stand trial, he will have the usual defenses available to an accused.

---

[4]Our order does not discharge Pate from his commitment to the Nevada State Hospital, nor does it release him from the prison sentence he was serving when committed to the Nevada State Hospital.

464

The order below is reversed and this case is remanded to the district court for action consistent with this opinion.

COLLINS, J., and COMPTON, D. J., concur.