**Billy WILLIAMS, Petitioner-Appellant,**

v.

**Carl HOCKER, Warden, Respondent-Appellee.**

**No. 71–2199.**

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Rehearing Denied Aug. 7, 1972.

Joseph J. Malandra, Jr., of Malandra, Weitzman & Lesser, San Francisco, Cal., for appellant.

Robert List, Atty. Gen., Carson City, Nev., for appellee.

Before KOELSCH, HUFSTEDLER and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

A jury in a Nevada state court found Williams guilty of robbery and he was sentenced to life imprisonment as an habitual offender. Williams appealed to the Supreme Court of Nevada, which affirmed the conviction and sentence. Williams v. State, 85 Nev. 169, 451 P.2d 848 (1969), cert. denied 396 U.S. 916, 90 S.Ct. 239, 24 L.Ed.2d 194 (1969). Williams next sought post conviction relief from the United States District Court in Nevada. We affirm that court's denial of his petition for a writ of habeas corpus.

 Williams challenges the trial court's admission of allegedly immaterial evidence and attacks the jury instructions on the standard of criminal responsibility applicable under Nevada law. On this record, neither category of claim comprehends any violation of the Constitution or laws of the United States, and the federal courts accordingly lack jurisdiction over them. *See, e. g.,* Crow v. Eyman, 459 F.2d 24 (9th Cir., 1972); 28 U.S.C. § 2254(a).

■ We cannot consider Williams' constitutional attack upon the procedures leading to identification of him by witnesses to the crime, because he has not presented that ground for relief to the Nevada courts and it appears that he may still do so in a state habeas corpus action. Nev.Rev.Stat. § 34.360 et seq.

■ It is also argued that the state court deprived Williams of due process by failing to order a hearing to determine his competency to stand trial. The record before the state trial court contains substantial evidence raising a serious doubt about Williams' competency. The information includes a diagnosis of Williams, performed by the staff of the Kansas State Reception and Diagnostic Center in 1964, which provides a history of the patient's mental illness, and an evaluation by a court appointed psychiatrist in 1968. This evidence brings Williams' case within the holding in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

The federal courts cannot now entertain Williams' petition on this point, however, because he has never presented the *Pate* claim to the Nevada courts. The state statutory argument he presented to the state courts did not contain the substance of a federal claim under *Pate.* See Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

The order of the district court is affirmed.