BILLY WILLIAMS, Appellant, v. WARDEN,
NEVADA STATE PRISON, Respondent.

No. 7482

January 16, 1975                    530 P.2d 761

*Rodlin Goff,* State Public Defender, and *Gary A. Sheerin,*
Deputy Public Defender, of Carson City, for Appellant.

*Robert List,* Attorney General, and *Robert A. Groves,* Dep-
uty Attorney General, of Carson City, for Respondent.

## OPINION

*Per Curiam:*

Billy Williams was convicted of the crime of robbery for
which he was sentenced to life imprisonment as an habitual
criminal. Williams appealed to this court on March 7, 1969.
We affirmed. A petition for rehearing was subsequently denied
and the Supreme Court of the United States denied his petition
for a writ of certiorari. Williams v. Nevada, 396 U.S. 916
(1969).

On July 27, 1971 the United States District Court of Nevada
denied Williams' petition for a writ of habeas corpus and on

appeal from that denial the United States Court of Appeals, Ninth Circuit, affirmed the denial on the grounds that Williams had not exhausted his state remedies under NRS 34.360, our statutory habeas corpus provision. Williams v. Hocker, 463 F.2d 234 (9th Cir. 1972). On January 12, 1973 Williams petitioned for a writ of habeas corpus to the First Judicial District Court and said petition was denied without a hearing. Williams now seeks reversal of that denial.

The United States Court of Appeals, Ninth Circuit, in considering Williams' appeal of denial of his petition for habeas corpus, stated that Williams was entitled to a hearing on his mental competency to stand trial under Pate v. Robinson, 383 U.S. 375 (1966). The record before the court contained sufficient evidence to raise serious doubt about Williams' competency to stand trial as indicated by his history of mental illness and the evaluation of a court-appointed psychiatrist. Williams v. Hocker, supra.

We chose to follow the suggestion of the Ninth Circuit Court for otherwise an unnecessary burden is placed on the U.S. District Court of the District of Nevada. Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974); Rahn v. Warden, 88 Nev. 429, 498 P.2d 1344 (1972). The order of the trial court is therefore reversed and we order Williams discharged from confinement unless the State within a reasonable time elects to retry him. Should the State so elect, Williams shall be given a special hearing to determine mental competency to stand trial. Pate v. Robinson, supra; Krause v. Fogliani, 82 Nev. 459, 463, 421 P.2d 949 (1966).

Reversed.