DE ORVAL DOGGETT, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7757

December 5, 1975          542 P.2d 1066

*Horace R. Goff,* State Public Defender and *Michael R. Griffin,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; and *William Macdonald,* District Attorney, Humboldt County, for Respondent.

## OPINION

*Per Curiam:*

In November 1958, De Orval Doggett was found guilty, by jury verdict, of first degree murder and sentenced to life imprisonment, without possibility of parole.

There was a timely motion for new trial based on newly discovered evidence that Doggett "lacked mental competency" because he had been admitted to the Stockton State Hospital for "mental illness" on September 19, 1952. It was also shown that Doggett had left the hospital, without permission, July 30, 1953. The hospital records also show Doggett was not considered dangerous and their "want" request was cancelled August 14, 1953. Doggett had not given this information to his attorney until the night before the trial ended; and, documentation from the hospital was not received by the attorney until after the jury's verdict.

The trial judge denied the motion for new trial, concluding that he had considered all the testimony, including Doggett's, and that there was no doubt in the mind of the court as to Doggett's sanity at the time of the homicide—and at trial. Doggett then vetoed his counsel's advice that an appeal should be taken and the matter was dormant until 1967—almost 9 years later—when Doggett personally requested a copy of his trial transcript. The request was denied because the court reporter, having retired in 1965, had contemporaneously and of her own volition, destroyed her shorthand notes.

In August 1973, Doggett filed an in *pro per* petition for habeas corpus together with an in *pro per* petition for postconviction relief. The thrust of both petitions alleged what Doggett denominated constitutional issues of (1) the lack of a trial transcript; and, (2) the ineffectiveness of trial counsel. The district court appointed new counsel—who filed a supplemental petition challenging (1) certain evidence; (2) the lack of counsel at the preliminary hearing; and, (3) Doggett's mental competency.

Relief was denied and in this appeal we are asked to reverse because: (1) Doggett's due process rights have been violated because of the absence of the trial transcript; (2) he was denied counsel at his preliminary examination; (3) the postconviction court was obligated to grant Doggett a new trial

because there was no competency hearing in 1958 to determine if he was competent when he was tried and convicted; and (4) he was denied appellate counsel.

This latter contention, being raised for the first time in this appeal, is summarily rejected.

1. In the factual context of this case the absence of the trial transcript does not infringe Doggett's rights of due process. The state cannot be charged with the unavailability of the transcript; and, since Doggett's trial counsel wanted to perfect and pursue an appeal—when the transcript was available—we can only conclude Doggett's own acts prevented a timely appeal. See Norvell v. Illinois, 373 U.S. 420, 424 (1963), where the High Court said: ". . . [W]here transcripts are no longer available, Illinois may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal." The Court also said: "If it appeared that the lawyer who represented petitioner at the trial refused to represent him on the appeal and petitioner's indigency prevented him from retaining another, we would have a different case." Id. at 422. Nevada is allowed the same presumption afforded Illinois. Cf. Hagenios v. Warden, 91 Nev. 328, 535 P.2d 790 (1975).

2. The claimed error because of lack of counsel at the preliminary examination is also rejected. See Victoria v. Young, 80 Nev. 279, 392 P.2d 509 (1964). An accused was not entitled to be represented by counsel at a preliminary examination in 1958. That right, first enunciated in Coleman v. Alabama, 399 U.S. 1 (1970), was subsequently held not to be retroactive. Adams v. Illinois, 405 U.S. 278 (1972).

3. We are unaware of any rule of law that requires a judgment of conviction to be summarily reversed because of a conclusory allegation, made after trial when guilt has already been determined by a jury, that an accused was mentally incompetent. However, in the particular factual setting presented here we are constrained to conclude that the post-conviction court should have conducted an evidentiary hearing on Doggett's allegations regarding his competency in 1958. Where factual allegations are made which, if true, could establish a right to relief, a convicted person must be allowed an evidentiary hearing on such issue, unless the available record repels such allegations. Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974).

See Machibroda v. United States, 368 U.S. 487 (1962). Accordingly, the order of the district court is reversed. This case is remanded for the sole purpose of affording De Orval Doggett an evidentiary hearing on the question of his mental competency in 1958. Cf. Williams v. Warden, 91 Nev. 16, 530 P.2d 761 (1975), and cases cited therein. On remand the burden is on Doggett to prove by clear and convincing evidence, his allegations of incompetency. Nathaniel v. Estelle, 493 F.2d 794 (5th Cir. 1974).