DE ORVAL DOGGETT, APPELLANT, *v*. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 9305

December 1, 1977                    572 P.2d 207

*Rodlin Goff,* State Public Defender, and *J. Thomas Susich,* Chief Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *William Macdonald,* District Attorney, Humboldt County, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order denying post-conviction relief on the ground that appellant had failed to establish his mental incompetence to stand trial.

1.  *The Facts.*

In 1958, appellant, DeOrval Doggett, was found guilty of first-degree murder and sentenced to life in prison without possibility of parole. The trial court denied defense counsel's motion for a new trial on the basis of newly discovered evidence regarding defendant's sanity. Appellant had failed to reveal until the trial was underway that he had previously been committed to a mental institution.

No appeal was taken from that judgment, but in 1973 appellant sought a writ of habeas corpus on the ground, among others not at issue here, that he had improperly been denied a hearing as to his competency to stand trial. A hearing on this petition was held before District Judge Llewellyn A. Young in December 1973. Appellant's original attorney testified that he had had considerable difficulty communicating with the defendant about his mental history, and that appellant had adamantly

refused to allow an appeal on the issue of insanity, despite the attorney's advice.

Appellant's petition for a writ of habeas corpus was denied. This decision was appealed, and in 1975 this court ruled that appellant was entitled to an evidentiary hearing to establish by clear and convincing evidence that he was in fact incompetent to stand trial in 1958. Doggett v. State, 91 Nev. 768, 542 P.2d 1066 (1975).

Pursuant to this court's decision, a hearing on appellant's petition for post-conviction relief was held, again before Judge Young, to determine appellant's competency as of 1958. Upon the basis of the testimony of a psychiatrist and a psychologist, as well as the records extant of the 1958 and 1973 proceedings, Judge Young found that appellant had not met the burden of proving that he had been incompetent to stand trial in 1958. Appellant's petition was therefore denied.

On appeal, appellant challenges the denial of his petition on the grounds (1) that appellant did show by clear and convincing evidence that he was incompetent to stand trial in 1958 and (2) that requiring appellant to assume the burden of proving his incompetence to stand trial violates due process of law.

2. *The Issues.*

A. *The Evidence.*

The constitutional standard for determining a defendant's competence to stand trial is set forth in Dusky v. United States, 362 U.S. 402, 402 (1960), quoting the Solicitor General for the United States: "[T]he 'test must be [1] whether he has sufficient present ability to consult with his lawyer with a reasonable degree of factual understanding—and [2] whether he has a rational as well as factual understanding of the proceedings against him.' " The Supreme Court held in *Dusky* that the evidence was insufficient to support a finding of competency by the trier of fact, despite ambiguous and conflicting testimony, where the judge had merely found that the defendant was " 'oriented to time and place' " and had " 'some recollection of events,' " again quoting the Solicitor General. 362 U.S. at 402.

The only testimony received at the evidentiary hearing was that of the psychiatrist and that of the psychologist, called by the appellant. Their testimony was far from conclusive. Both witnesses testified that appellant was suffering from paranoid

schizophrenia. Dr. Robert G. Whittemore, the psychologist, testified that he was unable to say with certainty whether appellant was capable of assisting counsel at the time of his trial. In his written report to the court, moreover, he had concluded that "the psychosis which was probably present in 1958, did not in and of itself decrease the possibility that he [appellant] could aid in the conduct of his defense." When questioned by the court, he was unable to state what effect appellant's mental condition had had in his relations with his attorney.[1]

Dr. Thomas R. Stapleton, the psychiatrist, testified that he was 80% certain that the decisions of appellant not to reveal his history of mental illness to counsel until the trial was underway and not to pursue an appeal on the ground of incompetence were the result of appellant's mental illness. On the other hand, he conceded that there could have been a rational basis for appellant's decisions.[2]

Any conflicts and inconsistencies within the testimony of individual witnesses are to be resolved by the fact-finding authority. Polito v. State, 71 Nev. 135, 282 P.2d 801 (1955). The findings will be sustained on appeal when there is substantial evidence to support them. Hunt v. State, 92 Nev. 536, 554 P.2d 255 (1976). This rule is equally applicable in sanity determinations. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966); Kuk v. State, 80 Nev. 291, 392 P.2d 630 (1964).

---

[1]THE COURT: Let me—are you going to go into it a little bit further? Even if he had of, would that have affected his ability to work with counsel at that time? Can you say positively one way or the other?

THE WITNESS [Doctor Whittemore]: Well, sir, if I may go back to this continuum. Depending upon where he was in terms of his feeling about the attorney, in one case it would not have affected his capability at all, in the other, it would have had a massive effect.

THE COURT: Can you say what it had in this case?

THE WITNESS: I cannot.

[2]Doctor Stapleton, when examined by the court, stated that there was a great lack of certainty in this diagnosis:

THE COURT: Don't you think the evidence concerning the year 1958 is so vague that you really can't arrive at a really good positive decision?

THE WITNESS: As someone said, this certainly would have been a lot easier in 1958. The only thing we have is a man who has a long history of a paranoid schizophrenia illness who we see—we have evidence in 1958 was unable to cooperate with his attorney, and made the kind of decisions that we see very frequently being made by paranoid schizophrenics. That is, decisions where they will choose to maintain a facade of health even at great detriment to themselves. Certainly there is a great lack of certainty in these.

We conclude, therefore, that appellant has failed to prove by clear and convincing evidence his allegations of incompetency.

B. *The Denial of Due Process.*

Appellant does not contend that placing the burden of proof on defendant regarding the issue of sanity in itself violates due process.

In the recent case of Patterson v. New York, 45 U.S.L.W. 4708 (June 17, 1977), the Supreme Court reaffirmed its holding in Leland v. Oregon, 343 U.S. 790 (1952), ruling that states may require defendants to prove the affirmative defense of insanity beyond a reasonable doubt.

Appellant does contend, however, that the holding in Pate v. Robinson, 383 U.S. 375 (1966), compels a contrary result in this case. In *Pate,* the Court held that evidence before the trial court (uncontradicted testimony of defendant's long history of disturbed and violent episodes, including the slaying of his infant son and an attempted suicide) raised sufficient doubt as to defendant's competence to stand trial so as to require that the trial court afford him a competency hearing on its own motion.

What appellant fails to note is that this court in Doggett v. State, 91 Nev. 768, 542 P.2d 1066 (1975), did not hold that defendant had been denied his rights under *Pate,* but cited instead the case of Nathaniel v. Estelle, 493 F.2d 794 (5th Cir. 1974), in which the court pointed out that there are two distinct due process rights related to competency to stand trial. The first is the traditional right not to be tried or convicted while legally incompetent. Bishop v. United States, 350 U.S. 961 (1956). The second, established in *Pate,* is the right to be accorded a competency hearing when sufficient evidence of incompetency is adduced before the trial court. Nathaniel v. Estelle, 493 F.2d at 797–798. It is only when the trial court has failed to follow the procedural requirements of *Pate* that the State is required to forego its usual requirement that the defendant establish his incompetence as of the date of the original trial.

In *Doggett,* 91 Nev. at 771–772, 542 P.2d at 1068, this court held that, although the evidence before the trial court in 1958 had not raised sufficient doubt as to appellant's competency to stand trial to require the application of the rule in

*Pate,* the evidence before the post-conviction court in 1973 was sufficient to require an evidentiary hearing to determine whether appellant had in fact been tried while legally incompetent. Appellant was thus granted a full opportunity to prove that his constitutional rights had been violated.

There is no reason for this court to reconsider its decision that appellant was not deprived of due process by the trial court's failure to grant him an evidentiary hearing in 1958. The evidence before the court in 1958 consisted merely of an affidavit by appellant's attorney that appellant had not revealed his mental history until the trial had begun, and a letter confirming that appellant had been committed to Stockton State Hospital some six years earlier. Although the letter revealed that appellant had left the hospital without permission in 1953, the hospital had canceled its "want" for him shortly thereafter. This is considerably less evidence than was before the trial court in those cases in which this court has applied the *Pate* doctrine. Williams v. Warden, 91 Nev. 16, 530 P.2d 761 (1975) (history of mental illness and recent evaluation by court-appointed psychologist); Krause v. Fogliani, 82 Nev. 459, 421 P.2d 949 (1966) (judge had presided over commitment 13 days before escapee committed crime with which charged). The facts of this case are comparable to those in Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966), in which this court found no abuse of discretion in the trial court's failure to order a competency hearing on the basis of an army discharge for psychoneurosis.

Neither is there any reason to reconsider the holding in *Doggett,* 91 Nev. at 771, 542 P.2d at 1068, that appellant's due process rights have not been violated by the absence of a transcript of the 1958 trial. While appellant need not be blamed for failing to appeal promptly, if this was the result of his mental condition, neither should the State be burdened with the duty to preserve records indefinitely in the absence of such an appeal. No unfairness results when the burden of proof remains the same as it would have been had appellant been granted a hearing prior to the existence of any such record in 1958.

The order of the district court denying appellant's application for post-conviction relief is affirmed.