CARROLL EDWARD COLE, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 16070

October 22, 1985                                     707 P.2d 545

*Edward G. Marshall,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City, *Robert J. Miller,* District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Carroll Edward Cole, convicted on a plea of guilty to first degree murder, has been sentenced to die. Cole refused to file an appeal of his sentence, and this court ordered counsel appointed for him to resolve any question as to whether Cole's waiver of appellate review was valid. We conclude that Cole's waiver was valid and that his death sentence conforms with the requirements of the laws of this state.

Cole was charged with the first degree murder of Marie Cushman in Las Vegas. On advice of counsel Cole entered a plea of not guilty by reason of insanity. Cole was examined by several psychiatrists, all of whom agreed that Cole was not insane at the time of the crime and also that he was mentally competent to be tried. Thereafter Cole changed his plea to guilty of first degree murder.

At Cole's insistence and after extensive questioning as required by Faretta v. California, 442 U.S. 806 (1975), the district court allowed Cole to proceed to the penalty hearing without counsel. Nevertheless, the district court appointed standby counsel for Cole should he wish consultation at any time prior to or during the hearing. The district court also appointed separate counsel to serve as amicus curiae for the three-judge sentencing panel.

At the sentencing hearing Cole refused to object to any evidence offered against him. Furthermore, Cole refused to present any mitigating circumstances and objected when the amicus counsel attempted to do so.

From Cole's own admissions he has killed at least 13 people. He expresses no remorse for these murders and freely admits that, given the opportunity, he would kill again:

> I was drunk, but that's still not an excuse. I was in my right mind. I knew exactly what I was doing and I'm not sorry for what I did and I have no remorse.
>
> . . . .
>
> This has been a very frightening experience for me because I know that I would kill again and everthing like this. And it seems anymore no woman is safe with me.

Cole also admitted that if given a prison sentence instead of death, he would make every effort to escape because: "I don't think anybody likes to do the rest of their time in a penitentiary. . . ."

Cole expressly requested that he be sentenced to die. After the statutory penalty hearing the three judge panel made the following findings:

> The murder was committed by a person who was previously convicted of another murder or of a felony involving the use or threat of violence to the person of another:
>
> I.  That the defendant, Carroll Edward Cole, was found guilty and convicted by a jury in the State of Texas of the murder of Sally Thompson, a human being, by strangling her with his hands.
>
> II.  That the defendant, Carroll Edward Cole, was found guilty by a jury and convicted in the State of Texas of the murder of Dorothy King, a human being, by strangling her with his hands.
>
> III.  That the defendant, Carroll Edward Cole, was found guilty by a jury and convicted in the State of Texas of the murder of Wanda Faye Roberts, a human being, by strangling her with his hands.
>
> IV.  That the defendant, Carroll Edward Cole, pled guilty in the State of Nevada to the crime of murder of Kathlyn J. Blum, a human being, by strangling her with his hands, and a judgment of conviction was entered therein.
>
> V.  That the defendant, Carroll Edward Cole, pled guilty in the State of Missouri to assault with intent to kill and was convicted of attempting to strangle Virginia Rowden, a human being.
>
> Further, the undersigned judges, and each of them, find

that there has been an absence of any mitigating circumstances set forth in NRS 200.035.

The undersigned judges, and each of them, state therefore and find beyond a reasonable doubt, that there are no mitigating circumstances sufficient to outweigh the aggravating circumstances found as set forth above.

Now, therefore, good cause appearing, the undersigned judges having a unanimous vote therefore, set and impose upon Carroll Edward Cole, a sentence of Death, said sentence to be imposed and executed pursuant to law.

On October 12, 1984, the court entered a judgment of conviction and sentence of death. As stated above, Cole failed to appeal his conviction or sentence. On April 25, 1985, this court entered an order directing the district court to appoint counsel for Cole to address the issue whether Cole had validly waived his right to appellate review. Attorney Edward G. Marshall was then appointed and has filed a comprehensive brief with this court.

*Whether Cole has validly waived his right to appellate review.*

The threshold issue in this appeal concerns Cole's obvious desire not to engage in any activity (particularly an appeal) which might delay or prevent his execution. In order to stand, Cole's decision to forego any appeal of his death sentence must be shown to be intelligently made and with full comprehension of its ramifications.

From the record it appears that Cole is a fairly intelligent individual with a penchant for murdering women. Two psychiatrists have found him to have been sane at the time of the murder which constitutes the basis of this appeal. Those psychiatrists also found Cole to be mentally competent at the time of their examination.

Much of the brief filed by Attorney Marshall is comprised of an affidavit by that attorney. In that affidavit the attorney states that he has had extensive discussions with Cole and found him to be consistent in his desire to be executed. In "clear and unequivocal language" Cole confirmed to Marshall that "he did indeed desire that no appeal whatever be pursued as to his murder conviction with a death penalty sentence, but that his case be expedited through the court system." (Affidavit of counsel, App. Opn. Brf., 15, 16).

There should be no question that Cole was competent to decide, and did indeed decide, that no appeal be filed on his behalf. The version of NRS 177.055 in effect at the time of Cole's crime and sentencing reads as follows:

177.055 Automatic appeal in certain cases; mandatory review of death sentence by supreme court.

1. When upon a plea of not guilty or not guilty by reason of insanity a judgment of death is entered, an appeal is deemed automatically taken by the defendant without any action by him or his counsel, unless the defendant or his counsel affirmatively waives the appeal within 30 days after the rendition of the judgment.

2. Whether or not the defendant or his counsel affirmatively waives the appeal, the sentence shall be reviewed on the record by the supreme court, which shall consider, in a single proceeding if an appeal is taken:

(a) Any errors enumerated by way of appeal;

(b) Whether the evidence supports the finding of an aggravating circumstance or circumstances;

(c) Whether the sentence of death was imposed under the influence of passion, prejudice or any arbitrary factor; and

(d) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases in this state, considering both the crime and the defendant.

3. The supreme court, when reviewing a death sentence, may:

(a) Affirm the sentence of death;

(b) Set the sentence aside and remand the case for a new penalty hearing:

(1) If the original penalty hearing was before a jury, before a newly empaneled jury; or

(2) If the original penalty hearing was before a panel of judges, before a panel of three district judges which shall consist, insofar as possible, of the members of the original panel; or

(c) Set aside the sentence of death and impose the sentence of imprisonment for life without possibility of parole.

As review of the first paragraph reveals, a party who had pleaded not guilty or not guilty by reason of insanity may waive his or her appeal by an affirmative action. This paragraph makes no reference to a party that has pleaded guilty, but it is logical to infer that such a party would, at a minimum, have the same right to waive appellate review. NRS 177.066 provides that in actions not covered by NRS 177.055, a party has thirty days to appeal a judgment to this court. Certainly Cole missed that deadline. We conclude that he did so purposely, with the intent to waive his right to appeal and with full knowledge of the consequences of that decision.

Although this court's order required only that Cole's appointed counsel brief the question of whether Cole's waiver of appeal was valid, it appears that this court must inquire further. Paragraph 2 of NRS 177.055 requires this court to review certain issues where a judgment of death has been entered, regardless of an attempted waiver of appellate review.

*Whether the evidence supports the finding of an aggravating circumstance or circumstances.*

As the sole aggravating circumstance the sentencing panel found, pursuant to NRS 200.033(2), that the murder was committed by a person who was previously convicted of another murder or of a felony involving the use or threat of violence to the person of another. The panel then enumerated three murder convictions of Cole from Texas, a guilty plea and judgment of conviction of a separate Las Vegas murder, and a conviction of assault with intent to kill in Missouri. The panel failed to find any mitigating circumstances. The record supports the panel's findings in regard to both the aggravating circumstances and the absence of mitigation.

*Whether the sentence of death was imposed under the influence of passion, prejudice or any arbitrary factor.*

There is no indication that any impermissible factor influenced the panel's decision. Indeed, great care was taken to insure that Cole was given a sentence based on the facts and law. The trial judge even went so far as to appoint an amicus counsel for the court, in addition to Cole's standby counsel.

*Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases in this state, considering both the crime and the defendant.*

Cole admits that after he and the victim went to a motel room they engaged in sexual intercourse and he then strangled her with his hands and a piece of cord he had in his pants pocket. He has no remorse for this murder or any of the many others he has committed. Except for an eight or nine-year-old childhood companion, all of Cole's victims have been women. Cole has freely admitted that he would kill again if given the opportunity. In refusing to allow the trial court's amicus counsel to put on mitigating evidence, Cole stated: "There's nothing good about me." Counsel appointed for this appeal states:

I am now in my 27th year of the practice of law before the Nevada Bar, including wide experience in numerous homicide cases. Never before have I seen or known a man who so justly deserves to die or who so completely wants and desires to have the penalty of death executed upon him, as punishment for his crimes generally and more specifically for the murder he committed in this state.

We conclude that the sentence of death in this case is neither excessive nor disproportionate to the crime or defendant. *See* Deutscher v. State, 95 Nev. 669, 601 P.2d 407 (1979); Bishop v. State, 95 Nev. 511, 597 P.2d 273 (1979). Based on the foregoing we hereby affirm Cole's conviction of first degree murder and sentence of death.