JIMMY TODD KIRKSEY, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 20852

July 12, 1991                                    814 P.2d 1008

*Morgan D. Harris,* Public Defender and *Robert Miller,* Deputy
Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex
Bell,* District Attorney and *William P. Henry,* Deputy District
Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

### I. FACTS

In the late evening of May 3, 1988, and early morning of May 4, 1988, appellant Jimmy Todd Kirksey and Jerry Wayne Jordan met Eva Marie Kearns. Kearns had recently been beaten by her boyfriend, Michael Foxx. Kirksey told Kearns and Jordan that he wanted to talk to Foxx and teach him a lesson.

The three went to Foxx's motel room and knocked on the door. When Foxx opened the door, Kirksey forced his way in and began beating Foxx. Kirksey immediately knocked Foxx onto the bed and then sat on Foxx's chest and hit him about the face and head. Kirksey then dragged Foxx onto the floor and continued to kick and beat Foxx about the face and head. The beating ruptured an aneurism in Foxx's brain, killing him. Kirksey later told a police officer that he intended to kill Foxx.

On October 2, 1989, without the benefit of any plea negotiations, Kirksey pleaded guilty to one count of murder in the first degree. Kirksey entered his plea despite being informed on the record that the state would seek the death penalty and that his plea could result in a sentence of death.

On October 3, 1989, the state filed its notice of intent to seek the death penalty. That notice listed one aggravating circumstance, that Kirksey had previously been convicted of another murder or felony involving the use or threat of violence to the person of another.

At the penalty hearing, Kirksey's counsel informed the court that Kirksey had instructed him not to challenge any of the aggravating circumstances presented by the state, not to present any mitigating circumstances, and not to make any opening or closing statements. Kirksey also requested that he be allowed to

make a statement to the court when the state finished presenting its case.

The state then presented evidence of the beating that resulted in Foxx's death. The state also presented evidence that Kirksey robbed and attempted to kill a pizza delivery man in California, and that Kirksey robbed and beat an elderly couple in California. Further evidence was presented regarding Kirksey's involvement in the shotgun murder of a bar owner in California, and of Kirksey's involvement in the beating and stabbing death of his estranged girlfriend in California. The state then presented evidence that Kirksey had threatened to kill again if he was not executed. Finally, the state presented a letter written by Kirksey to the court in which he stated that if he had the power to bring all of his victims to life, he would do it so he could murder them again.

Throughout the penalty hearing, Kirksey instructed his counsel not to object to any of the evidence presented by the state. The court also canvassed Kirksey extensively regarding his decision not to challenge the aggravating circumstances and not to present any mitigating evidence. At the close of the state's case, Kirksey made the following statement to the court:

> THE DEFENDANT:   Right now? Well, everything that's happened here today, okay, the letter, everything, everything I did, okay?
> I wrote the letter to you, right? Saying what I did. I did that, Okay? When the detectives came in here, they said what happened in California. All that happened. All right? Okay? All of it.
> You know, I'm guilty of all that. I don't feel no kind of remorse about it. Ain't nothing in my heart but hate, you know, that's it.
> I might feel a little bit bad about the girl, but nobody else. You dig? That's it.

The three judge panel determined that three aggravating circumstances existed and that no mitigating evidence was produced at the penalty hearing. Therefore, the panel returned a sentence of death.

On January 12, 1990, the district court entered the formal judgment of conviction, and this appeal followed. On February 1, 1990, Kirksey, through his counsel, filed in the district court a motion to withdraw his notice of appeal. The motion was later supplemented with a note written by Kirksey to his counsel, which stated:

> I dont [sic] want no appeal. I said that befor [sic]. I Have not change [sic] my mind so do what you want I dont [sic] want

to spend the rest of my life in here so come with it cause this is no life for nobody you got that

The district court subsequently granted Kirksey's motion. On March 23, 1990, however, this court entered an order noting that it must review a sentence of death regardless of whether the defendant affirmatively waives his right to appeal. *See* NRS 177.055(2); Cole v. State, 101 Nev. 585, 707 P.2d 545 (1985). Therefore, this court directed the district court to appoint independent counsel to appear on behalf of Kirksey and to brief all issues, including whether Kirksey made a valid waiver of his right to appellate review.

## II. WAIVER OF APPEAL

NRS 177.055 mandates review by this court of all death sentences.[1] When, pursuant to NRAP 42(a), a condemned defendant desires to waive appellate review of a conviction that resulted in a sentence of death, the waiver is addressed to the district court in the first instance. Before the district court accepts the waiver, it must conduct an evidentiary hearing at which defendant is present and represented by counsel, and determine whether the defendant is competent to waive the appeal. Following the evidentiary hearing, the district court must enter in the record formal, written findings regarding the defendant's competence to waive the appeal. This court can then review those findings when it reviews the record to determine the validity of the death sentence.[2]

At oral argument, Kirksey's counsel stated that Kirksey had a change of heart and now wishes to pursue this appeal. Under the peculiar circumstances of this case, and irrespective of whether Kirksey validly waived his right to appeal his conviction, we elect to consider the merits of Kirksey's challenges to his judgment of conviction.

---

[1]NRS 177.055 provides in pertinent part:

2. Whether or not the defendant or his counsel affirmatively waives the appeal, the sentence must be reviewed on the record by the supreme court, which shall consider, in a single proceeding if an appeal is taken:
(a) Any errors enumerated by way of appeal;
(b) Whether the evidence supports the finding of an aggravating circumstance or circumstances;
(c) Whether the sentence of death was imposed under the influence of passion, prejudice or any arbitrary factor; and
(d) Whether the sentence of death is excessive, considering both the crime and the defendant.

[2]The procedures set forth above also apply to cases in which a condemned defendant attempts to waive an automatic appeal taken pursuant to NRS 177.055(1).

## III. AGGRAVATING CIRCUMSTANCES

Kirksey correctly asserts that he must be given notice prior to the penalty hearing of each aggravating circumstance that the state will seek to prove at the penalty hearing. *See* NRS 175.552. He also notes correctly that in this case, the state provided him with notice of only one aggravating circumstance, that the murder was committed by a person who was previously convicted of another murder or of a felony involving the use or threat of violence to the person of another.

At the conclusion of the penalty hearing, the three judge panel determined that *three* aggravating circumstances justified imposing the death sentence. Specifically, the panel determined that when he murdered Foxx, Kirksey had been previously convicted of a felony involving the use of violence to the person of another. *See* NRS 200.033(2). The panel also determined that the murder was committed during the commission of a burglary, that Kirksey killed the victim and that Kirksey knew that life would be taken or lethal force used. *See* NRS 200.033(4). Finally, the panel determined that the murder involved depravity of mind. *See* NRS 200.033(8).

Kirksey argues that his sentence must be reversed because he did not have notice of the latter two aggravating circumstances that were found by the three judge panel. We are unaware of any authority permitting a sentencing panel in a capital case to find aggravating circumstances in addition to those argued by the state. Therefore, we decline to consider the additional aggravating circumstances in resolving this appeal. Nevertheless, we conclude that Kirksey's argument is without merit.

Initially, we note that the finding of the additional aggravating circumstances by the three judge panel was not the result of any action taken by the state before or during the penalty hearing. We also note that in its decision, the three judge panel determined that any one of the three aggravating circumstances was sufficient to outweigh the mitigating circumstances and justify the sentence of death. *See* NRS 200.030(4)(a) (sentence of death may be imposed if the jury finds "one or more" aggravating circumstances that are sufficient to outweigh the mitigating circumstances). We conclude that the aggravating circumstance listed in the notice of intent to seek the death penalty and argued by the state was sufficient in itself to justify the sentence of death. Accordingly, the error of the three judge panel in finding additional aggravating circumstances was harmless beyond a reasonable doubt. *See* Chapman v. California, 386 U.S. 18 (1967).

## IV. SUFFICIENCY OF EVIDENCE

As noted above, the state sought to prove only one aggravating circumstance, that Foxx's murder was committed by a person who had previously been convicted of a felony involving violence or the threat of violence. *See* NRS 200.033(2). Specifically, the state sought to prove at the penalty hearing that Kirksey was previously convicted of robbing an elderly couple in Riverside, California. As proof of this conviction, the state introduced into evidence a copy of a "Probation Officer's Report" detailing Kirksey's involvement in that crime. Attached to that report is a "Fixed Term Worksheet," that was apparently used by a probation officer to determine a recommended sentence for Kirksey in the robbery case. The final page of that exhibit is a computer printout that appears to contain Kirksey's criminal history. Contrary to respondent's representations at oral argument, the exhibit does not contain a certified copy of a judgment of conviction.

The lack of a certified copy of a judgment of conviction is troubling. We note, however, that Kirksey admitted in his statement to the three judge panel that he committed the robbery. Further, the "Probation Officer's Report" and the documents annexed to it leave no doubt that Kirksey was actually convicted of the robbery. Under these circumstances, we conclude that sufficient evidence supports the determination of the three judge panel that Kirksey was previously convicted of a felony involving violence to the person of another. Finally, we conclude that the three judge panel did not impose the death penalty under the influence of passion, prejudice or any arbitrary factor and that the sentence of death was not excessive, considering both the crime and the defendant. Accordingly, we affirm Kirksey's conviction and sentence.