MELVIN JOSEPH GEARY, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 24277

January 22, 1998                                          952 P.2d 431

---

*Steven G. McGuire,* State Public Defender, *James P. Logan,* Chief Appellate Deputy Public Defender, and *Timothy P. O'Toole,* Appellate Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, *David Wayment,* Deputy District Attorney, and *Terrence P. McCarthy,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION ON REHEARING

*Per Curiam:*

In July 1992, Geary confessed to murdering his roommate Edward Theodore Colvin by stabbing him with a boning knife. Subsequently, the jury found Geary guilty of first degree murder.

At the penalty hearing, the prosecutor presented evidence to support three aggravating factors: (1) the murder was committed by a person under sentence of imprisonment, NRS 200.033(1); (2) the murder was committed by a person who was previously convicted of another murder or a felony involving the use or threat of violence to the person of another, NRS 200.033(2); and (3) the murder was committed upon one or more persons at random and without apparent motive, NRS 200.033(9). Geary committed the present murder while on parole from a prior conviction for murder.

Also at the penalty hearing, Geary presented extensive evidence in mitigation, including testimony of the former dean of the National Judicial College, several prison wardens, several prison counselors, and employers who had hired Geary while he was in prison. The jury found the existence of all three aggravators and returned a verdict imposing a sentence of death.

Geary appealed his conviction and sentence. This court affirmed the judgment of conviction. Geary v. State, 110 Nev. 261, 871 P.2d 927 (1994). In its opinion, this court discussed the issues Geary raised in his appeal and reviewed *sua sponte* the propriety of some of the penalty phase jury instructions. This court discerned no error in those instructions. *Id.* at 267-69, 871 P.2d at 931-32.

On July 13, 1994, Geary moved for leave to file a petition for rehearing, finding fault with several of the penalty phase instructions. On September 29, 1994, this court filed its order granting rehearing.

Thereafter, the parties provided full briefing. On December 20, 1996, this court filed its opinion on rehearing affirming Geary's conviction, but vacating his death sentence and remanding for a new penalty hearing due to numerous errors in the penalty phase jury instructions. Geary v. State, 112 Nev. 1434, 930 P.2d 719 (1996) (*Geary II*).

On January 7, 1997, the state filed its current petition for rehearing, contending that this court misapprehended or overlooked material matters with respect to vacating the death sentence. On February 4, 1997, Geary filed his instant petition for rehearing, contending that this court misapprehended or overlooked material matters with respect to affirming his conviction.

NRAP 40(c)(2) authorizes rehearing "[w]hen it appears that the court has overlooked or misapprehended a material matter in the record or otherwise, or . . . [i]n such other circumstances as will promote substantial justice." Additionally, when petitioning for rehearing, the parties may not reargue the same issues, nor can they raise a new point not raised earlier. NRAP 40(c)(1). We conclude that we mistakenly resolved two issues in *Geary II* and now wish to clarify the law in those matters. We deny rehearing on all remaining issues brought by the state or Geary.

*The district court properly instructed the jury that the death sentence is not mandatory*

Penalty phase jury instruction 3 read:

The defendant in the case has been found guilty of murder in the first degree.

Under the law of this State, you must now determine the sentence to be imposed upon the defendant. First degree murder is punishable by death only if the jury finds one or more aggravating circumstances have been proved beyond a reasonable doubt and the jury further finds that any mitigating circumstances do not outweigh the aggravating circumstances.

Otherwise, murder in the first degree is punishable by imprisonment in the state prison for life with or without the possibility of parole.

In *Geary II,* this court concluded the above instruction may have misled the jury into believing that it was required to automatically impose the death sentence if it found that the aggravating circumstances outweighed any mitigating circumstances.

In its petition for rehearing, the state contends that the jury was indeed properly instructed that imposing the death sentence was not mandatory even after such a finding. The state points to other instructions in support of its argument. We conclude that we overlooked the existence of another instruction which clearly conveys to the jury that the death sentence is never mandatory.

Penalty phase jury instruction 8 stated, "The jury *may* impose a sentence of death only if it finds beyond a reasonable doubt that there is at least one aggravating circumstance and further finds that there are no mitigating circumstances which outweigh the aggravating circumstance(s)." (Emphasis added.) This court has twice held that an instruction similar to this instruction adequately informed the jury that a sentence of death is not required. Bennett v. State, 111 Nev. 1099, 1109, 901 P.2d 676, 683 (1995); Riley v. State, 107 Nev. 205, 217, 808 P.2d 551, 558 (1991) (holding the instruction was proper because reasonable

jurors would understand "may" as a "permissive word that does not mandate a particular action"). Furthermore, the instruction was virtually identical to the relevant statutory language on this issue. *See* NRS 175.554(3).

After a review of the penalty phase jury instructions as a whole and relevant caselaw, we now hold that the jury was adequately instructed.

*The jury properly understood that a finding of each aggravating circumstance must be unanimous*

In the prior opinion on rehearing in this case, this court noted that "[a] properly instructed jury is imperative in the capital sentencing process." *Geary II,* 112 Nev. at 1449, 930 P.2d at 729 (citing Walton v. Arizona, 497 U.S. 639, 653 (1990)). Therefore, because the jury was not explicitly instructed that its finding of each aggravator must be unanimous, this court held, "Failure to so instruct the jury results in a failure to adequately guide the jury in its sentencing determination, and mandates a new penalty hearing." *Id.* After reconsidering this issue, we conclude that the jury was adequately instructed.

In its petition for rehearing, the state contends that this court overlooked two other penalty phase jury instructions. Instruction 13 provided:

> If the jury returns a verdict setting the penalty at death, the jury shall render a written verdict signed by the foreperson. The verdict shall designate the aggravating circumstance(s) which is/are found beyond a reasonable doubt, and shall state that any mitigating circumstances do not outweigh the aggravating circumstance(s).

Instruction 14 read:

> When all twelve (12) of you have agreed upon the verdict setting sentence, the Foreperson should sign and date the same and request the Bailiff to return you to court.

In Jimenez v. State, 112 Nev. 610, 918 P.2d 687 (1996), the jury was instructed in a substantially similar manner. This court considered these instructions sufficient to inform the jury "that each aggravating circumstance had to be *unanimously* found by evidence beyond a reasonable doubt." *Id.* at 624, 918 P.2d at 696 (emphasis added).

Additionally, the verdict form in Geary's penalty phase required "[w]e, the jury" to designate which aggravating circumstances it found. We conclude that after having been instructed that its verdict must be unanimous, a reasonable jury would

properly understand that the phrase ''[w]e, the jury'' required a unanimous finding of the aggravating circumstances.

*Jury instruction to be given at all subsequent penalty hearings where the death sentence is an option*

To forestall future uncertainty on the issues considered above, we provide the district courts with the following instruction to be given in the sentencing phases of all capital cases.

> The jury must find the existence of each aggravating circumstance, if any, unanimously and beyond a reasonable doubt.
>
> The jurors need not find mitigating circumstances unanimously. In determining the appropriate sentence, each juror must consider and weigh any mitigating circumstance or circumstances which that juror finds.
>
> The jury may impose a sentence of death only if:
>
> (1) The jurors find unanimously and beyond a reasonable doubt that at least one aggravating circumstance exists;
>
> (2) Each and every juror determines that the mitigating circumstance or circumstances, if any, which he or she has found do not outweigh the aggravating circumstance or circumstances; and
>
> (3) The jurors unanimously determine that in their discretion a sentence of death is appropriate.

We conclude that while we mistakenly determined the above two issues in our prior opinion on rehearing, the other errors in the penalty phase still mandate that the death sentence be vacated. Therefore, with respect to the remaining challenges in the state's petition for rehearing, we deny the petition. Further, we have reviewed Geary's contentions in his petition for rehearing and conclude that we did not overlook or misapprehend any material matter. *See* NRAP 40(c). Accordingly, Geary's petition is denied.[1,2]

SPRINGER, C. J., concurring and dissenting:

I concur in the majority's vacating the death sentence but disagree with the opinion in other respects.

---

[1]We deny both the state's request to take judicial notice of the Pardons Board's records and Geary's motion to strike portions of the state's petition for rehearing.

[2]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in this decision on rehearing.

In my opinion, the jury instructions do not adequately convey to the jury the necessary understanding that the death penalty is not mandatory under any circumstances and that the findings of aggravating circumstances must be by unanimous verdict. For the jury to have been able to understand what the trial court was trying to convey, the jury would have to have patched together and reconciled a number of individual portions of various instructions. Juries cannot be expected to do this; and, moreover, a capital case defendant should not be faced with this kind of uncertainty.

I agree that the proposed jury instruction set out in the majority opinion, which is offered in order to "forestall future *uncertainty* on the issues," eliminates much of the uncertainty and lack of clarity in instructing the jury that resulted in prejudicial error in this case. (My emphasis.) It is this very "uncertainty," however, that causes me to part company with the majority and which persuades me that we should not deny Mr. Geary's petition for rehearing on these issues.